**In re Eugene William FREDRICKSON and Lillian Irene Fredrickson, Debtors.**

**Eugene William FREDRICKSON and Lillian Irene Fredrickson, Plaintiffs,**

v.

**HOUSEHOLD FINANCE CO., Defendant.**

Bankruptcy No. 580–00143.
Adv. No. 581–0007.

United States Bankruptcy Court,
D. South Dakota.

July 10, 1981.

Jay L. Hammrich, Ellsworth AFB, S. D., for plaintiffs.

Robert L. Varilek, Rapid City, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Eugene William Fredrickson and Lillian Irene Fredrickson, hereinafter Debtors, filed a complaint to avoid a lien under 11 U.S.C. § 522(f). Household Finance Company, hereinafter Creditor, filed an Answer to Debtors' Complaint. A trial was held on Debtors' Complaint, and the Court heard testimony and oral arguments from Counsel. The parties stipulated to the facts and this Court took the matter under advisement.

## FINDINGS OF FACT

Debtors borrowed $2,980.28 from Creditor. As security for the debt, Debtors executed a Waiver of Exemption and a Security Agreement granting to Creditor a security interest in Debtors' household goods. The household goods are appliances, books and musical instruments held for the family and household use of Debtors. The money borrowed from Creditor does not represent any part of the purchase money of any property covered in the Security Agreement. The property covered in the Security Agreement has remained in the possession of Debtors.

On December 8, 1980, Debtors filed a Chapter 7 bankruptcy. In Debtors' A–2 Schedule, they list a debt to Creditor of $2,980.28. In Debtors' B–4 Schedule, they list household goods exempt pursuant to S.D.C.L. 43–45–4. The value claimed as exempt is $750.00. These household goods are the same as listed in Creditor's Security Agreement.

## DEBTORS' CONTENTION

The existence of Creditor's lien on Debtors' household goods impairs exemptions that Debtors are entitled to under 11 U.S.C. § 522(b).

## CREDITOR'S CONTENTIONS

1. Debtors' Complaint fails to state a claim upon which relief can be granted because Debtors' interest in the property exceeds $200.00 in value and Debtors did not make an honest disclosure of debts upon application for loan from Creditor.

2. Creditor contends Debtors cannot avoid a lien on their claimed exempt property because South Dakota passed S.D.C.L. 43–45–13 wherein South Dakota residents are not entitled to the federal exemptions provided in 11 U.S.C. § 522(d) nor the lien avoidance provisions of 11 U.S.C. § 522(f).

## ISSUES

1. Whether a debtor may avoid a nonpossessory, nonpurchase-money security interest in household goods.

2. Whether S.D.C.L. 43–45–13 prohibits South Dakota debtors from avoiding liens on claimed exempt property in bankruptcy.

## CONCLUSIONS OF LAW

### ISSUE—1

Debtors seek to avoid a nonpossessory, nonpurchase-money security interest in

household goods. In this case Creditor does not contest they hold a nonpossessory, non-purchase-money security interest in Debtors' household goods. Nor do Debtors contest they executed a Waiver of Exemption.

■ Pursuant to 11 U.S.C. § 522(f), this Bankruptcy Court holds Debtors may avoid a nonpossessory, nonpurchase-money security interest in household goods. 11 U.S.C. § 522(f) provides in part, as is relevant to this case, that:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;".

The legislative history of 11 U.S.C. § 522(f) sets forth that the intent of Congress was to protect a debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid liens on exempt property. (See House Report No. 95–595, 95th Cong., 1st Sess. (1977) 362; Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 76 (under subsection (e), U.S.Code Cong. & Admin.News 1978, p. 5787.)

## ISSUE—2

Creditor contends that S.D.C.L. 43–45–13 opts out South Dakota from the federal exemptions and the lien avoidance provisions of 11 U.S.C. § 522(f). 11 U.S.C. § 522(b) provides in part that:

"Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;".

S.D.C.L. 43–45–13 provides:

"In accordance with the provision of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state are not entitled to the federal exemptions in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize. Nothing herein affects the exemptions given to residents of this state by the state Constitution and the South Dakota statutes."

■ For the following reasons, this Bankruptcy Court holds that 11 U.S.C. § 522(f) survives 11 U.S.C. § 522(b) and S.D.C.L. 43–45–13.

First, this Bankruptcy Court cannot find any statement anywhere that Congress intended states to opt out of 11 U.S.C. § 522(f) or that the South Dakota Legislature intended to opt out of 11 U.S.C. § 522(f).

Second, Creditor fails to offer any authority for its interpretation of S.D.C.L. 43–45–13 other than a reading of the statute. This Bankruptcy Court has searched diligently and cannot find any authority for Creditor's contention.

■ Third, even if South Dakota intended to opt out of 11 U.S.C. § 522(f), they do not have the power to do so unless Congress grants it by statute. Article 1, Section 8, Clause 5 of the United States Constitution expressly confers upon Congress the power "To establish . . . uniform laws on the subject of bankruptcies throughout the United States." Since S.D.C.L. 43–45–13 does not provide for opting out of 11 U.S.C. § 522(f), Debtors are entitled to claim their state exemptions and avoid liens on certain exempt property.

■ Creditor's first contention is that Debtors' Complaint fails to state a claim because: 1) Debtors' interest in the property exceeds $200.00 in value, and 2) Debtors failed to make an honest disclosure of debts

at time of application for loan. This Bankruptcy Court finds it irrelevant that Debtors' interest in the property exceeds $200.00. The only $200.00 limitation the Court is aware of is that provided in the federal exemptions which Debtors have not and cannot claim because the effective date of S.D.C.L. 43–45–13 is July 1, 1980, and Debtors filed their bankruptcy on December 8, 1980. Furthermore, this Bankruptcy Court finds that fraud is not a defense to a lien avoidance action. Creditor should bring a separate complaint for any alleged fraud.

## CONCLUSION

This case presents the classic situation for which Congress intended 11 U.S.C. § 522(f) to apply. Debtors have executed a Waiver of Exemption and Creditor has taken a nonpossessory, nonpurchase-money security interest in household goods which impairs an exemption that Debtors are entitled to under subsection (b). Subsection (b) of § 522 provides that debtors must claim state exemptions if the local legislature opts out of the federal exemptions. S.D. C.L. 43–45–13 provides that South Dakota has opted out of federal exemptions and that local debtors must claim state exemptions. Debtors have followed the path laid out by § 522(f) and claimed South Dakota exemptions as provided by S.D.C.L. 43–45–4. Therefore Debtors can avoid Creditor's lien on exempt property.

The foregoing shall constitute Findings of Fact and Conclusions of Law of the Court, and Attorney Hammrich may submit an order consistent herewith.