**In re Edwin W. PANESKY, Jr. and Betty J. Panesky, Debtors.**

**Edwin W. PANESKY, Jr., et al., Plaintiffs,**

v.

**CIT FINANCIAL SERVICES, Defendant.**

**Bankruptcy No. B80–00254.**
**Adv. No. B80–0175.**

United States Bankruptcy Court,
N. D. Ohio, E. D.

July 8, 1980.

---

Saul Eisen, Cleveland, Ohio, for plaintiffs.

Brian A. Bash, Cleveland Heights, Ohio, for defendant.

## MEMORANDUM OF DECISION AND ORDER

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came on for hearing on the complaint of plaintiffs, Edwin W. Panesky, Jr. and Betty J. Panesky, filed pursuant to 11 U.S.C., § 522(f) of the Bankruptcy Code, to void a lien of the defendant, CIT Financial Services, to the extent defendant's non-purchase money, non-possessory security interest in household furnishings impairs plaintiffs' claims to certain exemptions under Ohio Revised Code Section 2329.66, the answer of defendant and stipulations.

The parties stipulated as follows:

(1) Edwin W. Panesky, Jr. and Betty J. Panesky jointly filed a petition of bankruptcy on December 17, 1979, in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, being case number B80–00254.

(2) Debtors have an outstanding balance of $5,104.00 due and owing to CIT Financial Services on a certain loan evidenced by a note.

(3) Debtors executed and delivered a security agreement and financing statement to CIT Financial Services, pledging their household furnishings as collateral for the loan. The security interest was duly perfected on July 12, 1979.

(4) CIT Financial Services has a perfected non-purchase money, non-possessory security interest in the household furnishings described hereinabove in paragraph (3).

(5) Debtors claim that the perfected security interest of CIT Financial Services may be avoided to the extent the perfected security interest impairs their claims to certain exemptions in the household furnishings, all pursuant to 11 U.S.C., § 522(f).

There being no factual dispute, this matter is to be decided upon the legal issues presented.

Defendant argues that there exists, with respect to the fact situation stipulated in the within matter, no conflict between the provisions of Section 2329.661(C) of the Ohio Revised Code and Section 522(f)(2) of the Bankruptcy Code, 11 U.S.C., § 522(f)(2). The defendant further argues that the provisions of Section 2329.661(C) of the Ohio Revised Code govern the facts of the within matter, and that, therefore, said defendant is entitled to retain its lien.

The United States Congress, in its enactment of the Bankruptcy Reform Act of 1978, provided the State Legislature with the opportunity to adopt the federal exemption provisions contained in Section 522 of the Bankruptcy Code, or to alternatively adopt its own scheme of exemptions. Section 522(b) provides as follows:

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

"(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize*; or, in the alternative,

"(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, *or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days* immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

"(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as

a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law." (Emphasis added)

In enacting Section 522(b) of the Bankruptcy Code, Congress has specifically permitted the State Legislature to enact exemption statutes to the exclusion of the federal exemptions contained in Section 522(d) of the Bankruptcy Code. Further, the Code recites no limitations upon the state's right to define its exemptions. See *In re Mary Leanne Crump and Robert Crump*, 2 B.R. 222, 5 BCD 1235, 1236 (Bkrtcy.S.D.Florida, 1980).

Section 2329.662 of the Ohio Revised Code provides:

"Pursuant to the 'Bankruptcy Reform Act of 1978,' 92 Stat. 2549, 11 U.S.C.A. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the 'Bankruptcy Reform Act of 1978,' 92 Stat. 2549, 11 U.S.C.A. 522(d)."

The Ohio Legislature has chosen to define for debtors filing their petitions in bankruptcy within the State of Ohio the exemptions which they may claim. Section 2329.-66(A)(4), Ohio Revised Code, provides:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

"(4)(B) Subject to division (A)(4)(D) of this section, the person's interest, not to exceed two hundred dollars in any particular item, in household furnishings, household goods, appliances, books, animals, crops, musical instruments, firearms, and hunting and fishing equipment, that are held."

In the enactment of this section, the Ohio Legislature has provided an exemption for the debtor in household goods and furnishings. However, the Ohio Legislature has further limited its application and definition of that exemption by enacting Ohio Revised Code Section 2329.661. Section 2329.661(C) provides:

"(C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby."

The State Legislature was given specific authority to enact its own exemption statute to the exclusion of the exemptions contained in Section 522(d) of the Bankruptcy Code. 11 U.S.C., Section 522(b). The Ohio Legislature has enacted an exemption statute which specifically provides for a debtor to have an exemption in household goods and household furnishings, but only if those household goods and furnishing are not already subject to a security interest, pledge or any lien created thereby. [See Section 2329.66(A)(4)(b) and Section 2329.661(C).]

Section 522(f)(2)(A) of the Bankruptcy Code, [11 U.S.C., Section 522(f)(2)(A)] provides:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section*, if such lien is—

". . . (2) a nonpossessory, nonpurchase-money security interest in any—

"(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent or the debtor;

. . ." (Emphasis added)

Critical to the analysis of the issue contained in the instant case is the fact that Section 522(f) of the Bankruptcy Code allows the debtor to avoid the fixing of a lien on an interest of the debtor in property "*to the extent that such lien impairs an exemption to which the debtor would have been entitled under sub-section (b) of this Section.*" As heretofore stated, Section 522(b) permits the state to define its exemptions, which Ohio elected to do. Under the exemptions provided by the State of Ohio, the lien of the defendant does not impair an

exemption of the debtors. [See *In re: Victor Henry Meher*, 2 B.R. 309, 5 BCD 1240 (Bkrtcy.1980) E.D. Washington.] Section 2329.661(C) of the Ohio Revised Code clearly states that the exemptions granted debtors under Section 2329.66 of the Ohio Revised Code do not affect or invalidate a security interest, pledge or lien created thereby. This is an exception to the granting of exemptions under Ohio Revised Code Section 2329.66.

The failure of debtors to meet the requirements of Ohio Revised Code Section 2329.661(C), namely that the personal property in which debtors desire to claim an exemption be free of a contract of sale, conditional sale, security interest or pledge or lien created thereby, precludes the debtors from availing themselves of the exemption under Section 2329.66 of the Ohio Revised Code. If the debtors are not entitled to claim the exemptions under Section 2329.66, then Section 522(f) of the Bankruptcy Code has no application whatsoever, since there are no exemptions to protect for the debtors.

On the basis of the foregoing memorandum of decision, which is hereby adopted as my findings of fact and conclusions of law, pursuant to Bankruptcy Rule 752, it is

ORDERED that the security agreement of CIT Financial Services on the debtors' household furnishings may not be avoided.