**In re Richard George FOSTER, et al., Debtors-Plaintiffs,**

v.

**CITY LOAN AND SAVINGS COMPANY, Defendant.**

No. C81–0880–Y.

Bankruptcy No. B80–1304–Y.

Adv. No. 80–0124.

United States District Court, N. D. Ohio E. D.

Sept. 30, 1981.

Louis E. Katz, Poland, Ohio, for debtors-plaintiffs.

Julius Zlotnick, Youngstown, Ohio, for defendant.

MEMORANDUM OF OPINION

MANOS, District Judge.

On October 21, 1980 appellants, Richard George Foster and Mary Lann Foster, filed a joint petition for voluntary bankruptcy. At that time, appellee, City Loan & Savings

**468**

Company, (hereinafter, City Loan), was a secured creditor of the Fosters, holding a nonpossessory, nonpurchase money security interest in the Fosters' household furnishings and household goods. On November 26, 1980 City Loan moved the bankruptcy court to order the Fosters' trustee to abandon the household furnishings and household goods. As a result, on December 2, 1980 the Fosters filed a complaint alleging that City Loan's security interest was unenforceable under 11 U.S.C. § 522(f)(2)(A).[1] On December 10, 1980 City Loan filed an answer alleging that 11 U.S.C. § 522(b)[2] permits state legislatures to enact their own set of exemptions to the exclusion of those contained in the Federal Bankruptcy Code, that Ohio has done so,[3] and that since Ohio law excludes from the definition of exempt property, property subject to a security interest such as that held by City Loan, the Fosters could not render the lien unenforceable by reason of 11 U.S.C. § 522(f)(2)(A).[4] On April 7, 1981 the bankruptcy judge held that the Ohio exemption provision applied, as well as the conditions the Ohio legislature placed upon it, and ordered the trustee to abandon the property. On April 28, 1981 the Fosters filed an appeal to this court. For the reasons which follow this court affirms the decision of the bankruptcy court.

Since City Loan possesses a nonpossessory, nonpurchase money security interest in the Fosters' household furnishings and household goods and such interests prevent debtors such as the Fosters from claiming an exemption for that property pursuant to Ohio Rev.Code Ann. § 2329.-661(C) (Page 1979), City Loan's legal argument that the Fosters cannot avoid the lien under U.S.C. § 522(f)(2)(A) appears unassailable. The Fosters, however, assert that the Ohio legislature exceeded its authority in enacting Ohio Rev.Code Ann. § 2329.-661(C) (Page 1979) to limit exempt status only to those household furnishings and household goods which are not subject to a security interest. *See: In re Bowles*, 8 B.R. 394 (Bkrtcy.S.D.Ohio 1981); *In re Curry*, 5 B.R. 282 (Bkrtcy.N.D.Ohio 1980); *In re Hill*, 4 B.R. 310 (Bkrtcy.N.D.Ohio 1980); *In re Cox*, 4 B.R. 240 (Bkrtcy.S.D.Ohio 1980). In each of these cases it was held that Ohio Rev.Code Ann. § 2923.661(C) (Page 1979) was in direct conflict with 11 U.S.C. § 522(f) and, therefore, repugnant to the Supremacy Clause of the United States Constitution. Art. VI, Cl. 2. The thrust of the decisions cited above is that the Congressional grant of lien avoidance rights provided by 11 U.S.C. § 522(f) constitutes the grant of a substantive right which cannot be altered by a state determination to opt out of the federal exemption system

1. 11 U.S.C. § 522(f)(2)(A) provides as follows:
   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (2) a nonpossessory, nonpurchase-money security interest in any—
   (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

2. 11 U.S.C. § 522(b) provides in pertinent part:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under para-

graph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place;

3. *See*: Ohio Rev.Code Ann. § 2329.66 (Page 1980).

4. Specifically, Ohio Rev.Code Ann. § 2329.-661(C) (Page 1979), which provides as follows:
   (C) Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby.

pursuant to 11 U.S.C. § 522(b). In essence, the cases hold that Ohio's authority to define its own exemptions under 11 U.S.C. § 522(b) is conditioned upon and subject to, a debtor's lien avoidance powers provided by 11 U.S.C. § 522(f). For the reasons which follow this court declines to follow the cases noted above and holds that a state which opts out of the federal exemption system pursuant to 11 U.S.C. § 522(b) may condition the granting of property exemptions to debtors on the absence of any valid outstanding liens at the time a debtor petitions for bankruptcy and that if a State does impose such a condition, it does not conflict with either 11 U.S.C. § 522(f) or, the Supremacy Clause of the United States Constitution. *See: In re Panesky*, 5 B.R. 201 (Bkrtcy.N.D.Ohio 1980).

This court affirms the decision of the bankruptcy judge for the following reasons: First, although both parties cited extensive legislative history to the bankruptcy judge in support of their respective positions, there is little evidence of Congressional intent regarding the precise issue presented to the court. It is clear, however, that the legislative history which does exist, supports the decision rendered by the bankruptcy judge. The most recent commentary concerning 11 U.S.C. § 522(b) occurred on October 5, 1978, at the Senate debate regarding the statute. The floor statements of Senators Deconcini and Wallop indicate that pursuant to 11 U.S.C. § 522(b) the states retain an unlimited right to define their own exemptions.

Senator Deconcini stated:

In the area of exemptions, it was agreed that a Federal exemption standard will be codified but that the States could at any time reject them in which case the *State exemption laws would continue to prevail.* (Senate Debate on Compromise Bill, 124 Cong.Rec. S17404 (daily ed. Oct. 6, 1978). (Emphasis added).

Similarly, Senator Wallop stated:

In the area of exemptions, *we have won an important victory for the rights of States to determine exemptions for the debtors of the States.* Reduced Federal exemptions will be provided by the law but States by legislature may elect not to have them apply to their debtors. (Senate Debate on Compromise Bill, 124 Cong. Rec. S17406 (daily ed. Oct. 6, 1978). (Emphasis added).

The second reason for which this court affirms the decision of the bankruptcy judge is that not only does 11 U.S.C. § 522(b) provide that the states may enact their own exemptions to the exclusion of those contained in the Federal Bankruptcy Code, it provides no limitations on their rights to do so. Accordingly, absent any express limitations on the states' rights to define their own property exemptions, this court declines to hold that Congress intended that such limitations should be implied through statutory construction.

The third and final reason this court affirms the decision of the bankruptcy judge is that since 11 U.S.C. § 522(b) provides no limitations on a state's right to adopt its own set of property exemptions, a state could opt out of the federal exemption system and conceivably provide its debtors with absolutely no property exemptions. If this were the case a debtor would not be possessed of any property which 11 U.S.C. § 522(f)(2)(A) could protect. Since a state possesses such power it is clear that a state may condition the granting of whatever property exemptions it ultimately adopts on the absence of any valid liens outstanding at the time a debtor petitions for bankruptcy. *See: In re Panesky, supra.*

Accordingly, the decision of the bankruptcy judge is affirmed. Fed.R.Bkr. 810.

IT IS SO ORDERED.