Lamar Barclay PINE, Sr. and
Shirlene Tucker Pine

v.

CREDITHRIFT OF AMERICA, INC.

No. CIV-1-81-307.

United States District Court,
E. D. Tennessee, S. D.

March 22, 1982.

Ronald J. Berke, Chattanooga, Tenn., for plaintiffs.

Mark J. Mayfield, Lawrence Ahern, III, Miller & Martin, Chattanooga, Tenn., for defendant.

MEMORANDUM

FRANK W. WILSON, Chief Judge.

The debtors, residents of Ooltewah, Tennessee, instituted the present action against Credithrift in the Bankruptcy Court to avoid its security interest in certain of their household goods. Judge Kelley in the

Bankruptcy Court ordered Credithrift's lien avoided. Credithrift has appealed.

Credithrift had a $2,112.00 nonpossessory, nonpurchase-money security interest in various household goods of the debtors. The Bankruptcy Court held this lien could be avoided under the exemption statute, 11 U.S.C. § 522. In relevant part it reads:

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

"(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

"(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place;

"(f) Notwithstanding any waiver of exemptions, *the debtor may avoid the fixing of* a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

\* \* \* \* \* \*

"(2) a nonpossessory, nonpurchase-money security interest in any—

"(A) household furnishings, household goods, wearing apparel, appliances, books, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; \* \* \* " (Emphasis added)

Tennessee rejected the federal exemptions of Section 522(d) as allowed under 11 U.S.C. § 522(b)(1) by enacting the Personal Property Owner's Rights and Garnishment Act of 1978 at TCA §§ 26–2–101 *et seq.* The relevant exemptions permitted under Tennessee law for household goods are set forth in TCA § 26–2–102, which reads:

"Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to his vocation or pursuit or to the ownership of his abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest."

Credithrift maintains that the language of Section 522(f), "the debtor may avoid the fixing of a lien on ... property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section [allowing the State exemption] if such lien is ... a nonpossessory, nonpurchase-money security interest in any ... household furnishings ...." does not apply to its security interest in the debtor's property. Credithrift claims that the Tennessee exemption statute only applies to the equity interest of the debtors, not as an absolute $4,000 exemption. Indeed the wording of the Tennessee statute indicates it is only to apply to the debtor's equity interest. In this case, the debtor has no equity interest in the collateral and under Credithrift's interpretation would be allowed no exemption.

Credithrift's argument fails to accurately analyze the exemption provisions of Section 522. Under Section 522(b) Credithrift's interpretation is correct. Part (b) allows exemption according the State's choice and in Tennessee, that is only the debtor's equity interest. However, Part (f) is a separate exemption and makes no allowance for a State to alter the mechanics of its operation, only the amount.

Section 522 was enacted to provide sufficient exemptions to allow the debtor to maintain his dignity and support his family while starting down the road to financial recovery. *See In re Head,* 4 B.R. 521

(Bkrtcy.D.Tenn.1980); *Matter of Hahn*, 5 B.R. 242 (Bkrtcy.S.D.Iowa 1980). Part (f) of Section 522 was enacted to accomplish a second but related Congressional goal. This was to prevent lending institutions from taking a security interest in household goods, not for the goods' value—which is often minimal on resale—but for the leverage lenders could exert on the debtor to reaffirm discharged debts by threatening repossession of the household property. *See In re Head, supra, Matter of Meyers*, 2 B.R. 603 (Bkrtcy.E.D.Mich.1980), and the excellent review of the legislative history in Judge Kelley's opinion in this case.

Construing the exemption of Part (f) in light of these Congressional goals, it is apparent that Part (f) is intended to broaden the exemption provided in Part (b). Part (f) allows the debtor to avoid a nonpossessory, nonpurchase-money security interest on household goods which impairs an exemption to which the debtor would have been entitled under Part (b). Except for the nonpossessory, nonpurchase-money security interest of Credithrift, the debtors would have been able to exempt their household furnishings under Part (b) and TCA § 26–2–102. Part (f) allows the debtors to exempt these household furnishings anyway, in order to accomplish the Congressional goal of protecting debtors from the coercive threat of repossession of household furnishings.

Part (f) allows debtors to create equity by avoiding nonpossessory, nonpurchase-money liens. States cannot choose whether or not they will allow such liens to be avoided under Part (f). That choice is only available to states under Part (b)'s exemption but not under Part (f). The cases cited by Credithrift, *In re Panesky*, 5 B.R. 201 (Bkrtcy.W.D.Ca.1981), are believed to be incorrect in holding to the contrary Part (f) would be a mere redundancy if construed, as in the above cases, to allow only exemptions for the property exempt under Part (b). Part (f) allows avoidance of liens, not just the exemptions of Part (b). Hence by avoiding liens, Part (f) allows exemption of property that *would have been exempt* under Part (b) if the liens did not exist. *See In re Farris*, 8 B.R. 186 (Bkrtcy.E.D.Tenn.

1981). Credithrift's arguments that the interpretation of Part (f) should be otherwise are not persuasive.

Similarly, Credithrift's contention that the language of Section 522(f), "the debtor may avoid the *fixing* of a lien on an *interest of the debtor in property*" (emphasis added), is not applicable to the present situation must fail in light of the previously mentioned legislative goals. Credithrift argues that "fixing" only applies to the fixing of new liens, not pre-existing liens and that the debtors have no "interest" in property subject to a security interest for its full value. It is sufficient to note that in order for Section 522 to provide the debtor with a fresh start, its exemption provisions must apply to pre-existing liens and that a security interest does not preclude other interests in the collateral. The decision of the Bankruptcy Court, 11 B.R. 595, is affirmed.

An order will enter accordingly.