In re John Burgess FARLEY d/b/a Circle F Construction Co., Debtor.

John Burgess FARLEY d/b/a Circle F Construction Co., Plaintiff,

v.

MOORE'S BUILDING SUPPLIES, Defendant.

Bankruptcy No. 3–81–00968.
Adv. No. 3–81–0999.

United States Bankruptcy Court, E. D. Tennessee.

April 29, 1982.

Thomas H. Dickenson, Knoxville, Tenn., for plaintiff.

Kenneth W. Kromer, Jr., Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This is an adversary proceeding wherein plaintiff seeks to avoid a judicial lien held by the defendant. 11 U.S.C. § 522(f)(1). The defendant's position is that the lien is not avoidable under 11 U.S.C. § 522(f)(1) because the plaintiff has no equity in the property to which the lien attached. The facts relevant to the present proceeding have been stipulated by the parties:

1. On June 5, 1980, Moore's Building Supplies filed a Knox County Chancery Court lawsuit against John Farley, his wife, and other parties not involved in the present case. The suit was for construction supplies and materials purchased on credit by Mr. and Mrs. Farley. An agreed judgment in the amount of $2,831.78 was entered August 6, 1980, against the Farleys. Moore's Building Supplies recorded the judgment in the Register's Office of Knox County, Tennessee, on August 20, 1980, thereby giving Moore's Building Supplies a lien against Mr. and Mrs. Farley's real property in Knox County. Lien Book 28 at page 332. T.C.A. § 25–5–101. Payments have been made on the judgment so that the total amount still owing is $2,031.78.

2. On June 18, 1981, plaintiff filed an individual bankruptcy petition. As part of his allowed exemptions, he claimed the maximum $5,000.00 homestead exemption provided by T.C.A. § 26–2–301. This exemption was claimed in a house and lot owned by plaintiff and his wife as tenants by the entirety and located at 4500 John Sevier Highway in Knox County, Tennessee. This real estate is the only real estate owned by plaintiff in Knox County. The fair market value of the property is approximately $65,000.00. Fidelity Federal Savings and Loan holds a first mortgage on the property in the amount of $26,500.00. Associates Financial Services holds a second mortgage on the property in the amount of $46,750.00.

11 U.S.C. § 522(f)(1) enacts as follows: "(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . . ."

"Judicial lien" means a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. 11 U.S.C. § 101(27). Defendant admits its lien is a judicial lien.

The purpose of § 522(f) is set forth in Senate Report No. 95–989:

"Subsection (e) [enacted as subsection (f)] protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien . . . . The avoiding power is independent of any waiver of exemptions." S.Rep.No.95–989, 95th Cong.2d Sess. 76, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5862.

The House Report is to the same effect: "In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions." H.R.Rep.No.95–595, 95th Cong., 1st Sess. 126, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5963, 6087.

Defendant's sole contention is that its judicial lien does not " 'impair an exemption to which the debtor would have been entitled' . . . because exemptions come out of equity and *even in the absence of defendant's lien* debtor has no equity in the real estate." Defendant's Supplemental Brief. In *Pine v. Credithrift of America,* 18 B.R. 711 (E.D.Tenn. Mar. 22, 1982), Judge Wilson sustained the holding of the bankruptcy court involving a § 522(f) question.[1] Although that case involved subsection (2) of § 522(f) rather than subsection (1) which is involved in the present controversy, Credithrift's argument was the same as the defendant's in the instant case:

"Credithrift claims that the Tennessee exemption statute only applies to the equity interest of the debtors, not as an absolute $4,000 exemption. Indeed the wording of the Tennessee statute indicates it is only to apply to the debtor's equity interest. In this case, the debtor has no equity interest in the collateral and under Credithrift's interpretation would be allowed no exemption."

Judge Wilson rejected Credithrift's analysis of § 522(f), however:

"Credithrift's argument fails to accurately analyze the exemption provisions of Section 522. Under Section 522(b) Credithrift's interpretation is correct. Part (b) allows exemption according the State's choice and in Tennessee, that is only the debtor's equity interest. However, Part (f) is a separate exemption and makes no allowance for a state to alter the mechanics of its operation, only the amount.

. . . . .

"Construing the exemption of Part (f) in light of these Congressional goals, it is apparent that Part (f) is intended to broaden the exemption provided in part (b).

. . . . .

"Part (f) allows debtors to create equity by avoiding nonpossessory, non-purchase money liens. States cannot choose whether or not they will allow such liens

to be avoided under Part (f). That choice is only available to states under Part (b)'s exemption but not under Part (f) . . . Part (f) allows avoidance of liens, not just the exemptions of Part (b). Hence by avoiding liens, Part (f) allows exemption of property that *would have been exempt* under Part (b) if the liens did not exist."

T.C.A. § 26–2–301, the basic homestead exemption statute in Tennessee, provides in pertinent part as follows:

"An individual, regardless of whether he is head of a family, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by him, his spouse, or a dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000)."

It will be noted that the homestead exemption, unlike the personal property exemption, T.C.A. § 26–2–102, makes no reference to the "debtor's equity interest." Even if it did, however, the same rationale of *Pine v. Credithrift, supra,* would apply.

In *Giles v. Credithrift of America,* 18 B.R. 708 (1982), aff'g. 9 B.R. 135 (Bkrtcy.E.D. Tenn.1981), Judge Wilson observed that even if household goods are subject to a security interest "up to their full value," the debtors clearly have an "interest" in those goods sufficient to qualify for Section 522's exemption power. "A security interest does not preclude other interests in the collateral."

The debtors may avoid the judicial lien of Moore's Building Supplies.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

1. The Bankruptcy Court decision is reported at    11 B.R. 595 (Bkrtcy.1981).