**In re Ralph Walter WILSON and Jessie Kay Wilson, Debtors.**

**Bankruptcy No. 682–07104.**

United States Bankruptcy Court,
D. Oregon.

June 29, 1982.

Sandra G. Stone, Eugene, Or., for debtors.

## MEMORANDUM OPINION AND ORDER

C. E. LUCKEY, Bankruptcy Judge.

Debtors, members of the same household, seek to claim exemptions exceeding in the aggregate $400 but less than $800 of personal property under the provisions of § 23.160(1)(k) Oregon Revised Statutes. Oregon has "opted out" of the federal exemption provisions pursuant to authority of § 522(b) of the Bankruptcy Code.

Section 23.160 ORS provides in pertinent part:

"*Leviable property generally; selectable exemptions.* (1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. If selected and reserved by the judgment debtor or the agent of the judgment debtor at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to the judgment debtor, the following property, or rights or interest therein of the judgment debtor, except as provided in ORS 23.220, shall be exempt from execution:

"(a) Books, pictures, and musical instruments to the value of $300.

"(b) Wearing apparel, jewelry and other personal items to the value of $900.

"(c) The tools, implements, apparatus, team, harness or library, necessary to enable the judgment debtor to carry on the trade, occupation or profession by which the judgment debtor habitually earns a living, to the value of $750. Also sufficient quantity of food to support such team, if any, for 60 days. The word 'team' in this paragraph does not include more than a span of horses or mules.

"(d) A vehicle to the value of $1,200. As used in this paragraph 'vehicle' includes an automobile, truck, trailer, truck and trailer or other motor vehicle.

"(e) Domestic animals and poultry kept for family use, to the total value of $1,000 and food sufficient to support such animals and poultry for 60 days.

"(f) Household goods, furniture, radios, a television set and utensils all to the total value of $1,450, if the judgment debtor holds the property primarily for the personal, family or household use of the judgment debtor; provisions actually provided for family use and necessary for the support of a householder and family for 60 days and also 60 days' supply of fuel.

"(g) All property of the state or any county or incorporated city therein, or of any other public or municipal corporation of like character.

"(h) All professionally prescribed health aids for the debtor or a dependent of the debtor.

"(i) Spousal support, child support, or separate maintenance to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

"(j) The debtor's right to receive, or property that is traceable to:

"(A) An award under any crime victim reparation law;

"(B) A payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

"(C) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

"(k) The debtor's interest, not to exceed $400 in value, in any personal property. However, this exemption may not be used to increase the amount of any other exemption.

\*      \*      \*      \*      \*      \*

"(3) If two or more members of a household are judgment debtors, each judgment debtor shall be entitled to claim the exemptions in paragraphs (a), (b), (c), (d)

and (j) of subsection (1) of this section in the same or different properties. The exemptions when claimed for the same property shall be combined at the option of the debtors."

The trustee contends that under the maxim *Expressio unius est exclusio alterius* the Court should construe § 23.160(3) ORS to limit the exemption rights of two or more debtors in the same household to a total of $400.

In construing Oregon statutes, reference to §§ 174.010, 174.020 and 174.110 ORS is appropriate. These provisions follow:

"174.010 *General rule for construction of statutes.* In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

"174.020 *Legislative intent; general and particular provisions and intents.* In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it.

"174.110 *Singular or plural number; masculine, femine or neuter gender.* As used in the statute laws of this state: "(1) The singular number may include the plural and the plural number the singular.

"(2) Words used in the masculine gender may include the feminine and the neuter."

■ Debtors urge that although § 522(b)(1) of the Bankruptcy Code allows the State of Oregon to "opt out" that the power is limited by § 522(m) which under the Code allowed each debtor to separately claim exemptions. This Court is not persuaded that § 522(m) is a limiting power on the exemption scheme of a state which has chosen to "opt out" of the federal exemp-

tion scheme provided by § 522 of the Bankruptcy Code.

Legislative history of § 522(b) shows an intention to provide the states an unlimited right to define their own exemptions.

Senator DeConcini stated:

"In the area of exemptions, it was agreed that a Federal exemption standard will be codified but that the States could at any time reject them in which case the *State exemption laws would continue to prevail.*" (Senate Debate on Compromise Bill, 124 Cong.Rec. S17404 (daily ed. Oct. 6, 1978).) (Emphasis added.)

Similarly, Senator Wallop stated:

"In the area of exemptions, *we have won an important victory for the rights of States to determine exemptions for the debtors of the States.* Reduced Federal exemptions will be provided by the law but States by legislature may elect not to have them apply to their debtors." (Senate Debate on Compromise Bill, 124 Cong. Rec. S17406 (daily ed. Oct. 6, 1978).) (Emphasis added.)

See *Foster v. City Savings and Loan Company,* 8 B.C.D. 360 (N.D.Ohio 1981).

A close reading of those cases suggesting that § 522(m) applies to "opt out" state exemptions indicates first reliance on the state exemption scheme to justify double exemption claims, and adds § 522(m) as make-weight. Additionally, although this Court finds it unnecessary to address the issue, application of § 522(m) of the Bankruptcy Code to a state which has "opted out" of the federal exemption scheme, would intrude dangerously close to creation of a constitutional problem by imposition of a federal doctrine of "ununiform uniformity" whereas the law now seems only to require geographical uniformity for constitutionality, the doctrine which is the basis for constitutionality of the "opt out" provision.

■ However, although a literal application of the *Exclusio unius* rule would favor the trustee, the Court is conscious of the limitations on its application.

*Sutherland, Statutory Construction*, 4th ed. Vol. 2A § 47.25 at p. 132:

" 'The maxim . . . requires great caution in its application, and in all cases is applicable only under certain conditions.' As an aid to interpretation, the maxim emphasizes the language of the statute and inferences to be drawn from the way it is written. In this regard, it is closely akin to literalism and the plain meaning rule. And so, where the meaning of the statute is plainly expressed in its language and if it does not involve an absurdity, contradiction, injustice, invade public policy, or if the statute is penal in nature or in derogation of the common law, a literal interpretation will prevail. Conversely, where an expanded interpretation will accomplish beneficial results, serve the purpose for which the statute was enacted, is a necessary incidental to a power or right, or is the established custom, usage or practice the maxim will be disregarded and an expanded meaning given. In all cases the numerous intrinsic and extrinsic aids of interpretation are of importance in ascertaining whether the maxim will prevail.

"It has been said that 'factually there should be some evidence the legislature intended its (expressio unius) application lest it prevail as a rule of construction despite the reason for and the spirit of the enactment.' " (Footnotes omitted)

ORS 23.160(3) allows combining interest in jointly owned described types of chattels, thus under the terms as in 23.160(1)(a) two or more members of a household could exempt a picture or musical instrument having a value more than $300 but up to $600; (b) an article of jewelry worth more than $900 but up to $1,800; (c) Tools, etc., having value more than $750 and up to $1,500; and (d) a vehicle having a value more than $1,200 and up to $2,400. Without ORS 23.160(3) the terms of the statute, even if construed to entitle each debtor in the household to claim the values indicated, would probably limit the value in a particular item, which the legislature desired to expand. Subsection (j)'s inclusion without (k) is the fly speck on the pattern which obscures the discernment of legislative intent. However, there it may be said that if an award for bodily injury to a person in bankruptcy entitles that person or an individual of whom the debtor is a dependent to more than $7,500 and not more than $15,000, the legislature apparently intended such enlargement.

Research of the legislative history surrounding subsection (k) indicates clearly that it was intended to apply to cash equivalencies. All substantial other types of exempt personal property have been provided for, and by its terms (k) is not to apply to them. It is not necessary to include (k) in § 23.160(3) ORS to enable each debtor to have a right in clearly divisible personal property of the nature of cash or its equivalent, and if each may claim the exemption up to $400 in divisible property under the language of the statute, there is no reason to provide for a right for each to claim a combined interest. The other subsections omitted from 23.160(3) ORS, i.e., subsections (e) and (f), are limited by their terms to the total amount provided therein for family or household use and the total stated therein is not subject to increase by separate claim by members of the family or household.

This Court in attempting to discover the intent of the Oregon legislature in not including section (k) in 23.160(3) ORS finds it impossible to do so, although legislative history has been exhaustively researched.

Finally, when the intent of the legislature has been so obscured, liberal interpretation of exemption laws are favored. See *Sutherland, Statutory Construction*, 4th ed. Vol. 3, § 69.07 at p. 286. See also *In re Andreotti*, 16 B.R. 28 (Bkrtcy.E.D.Cal.1981) wherein the court states at p. 32:

"It is textbook law both in California and bankruptcy that exemptions are to be liberally construed. Constructions and interpretations which uphold the exemption should be adopted in determining the meaning of exemption statutes which are unclear, vague or ambiguous."

See, also, *In re Canutt*, 264 F.Supp. 919, 920 (D.Or.1967) and *Gutterman v. First National Bank of Alaska*, 597 P.2d 969 (Alaska 1979).

The Court therefore concludes that although the trustee makes a convincing argument in support of his objection to the claimed exemptions under § 23.160(1)(k) ORS, they are not subject to objection, although properly each claimant of the exemption should be identified so that the claim of each is limited to not to exceed $400 according to the language of the statute.

The trustee's objection to the claimed exemptions is overruled and the claimed exemptions Ordered Allowed subject to proper allocation on schedule B–4 and subject to ownership of the property or interest claimed by the debtor as exempt.