In re Peter F. BARONE, Frances Barone, Debtors.

Peter BARONE, Frances Barone, Plaintiffs,

v.

James Asher LYNCH, III, Defendant.

Bankruptcy No. 82–02906G.
Adv. No. 82–3107G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 19, 1983.

Abe Lapowsky, Philadelphia, Pa., for debtors/plaintiffs, Peter Barone, Frances Barone.

James Asher Lynch, III, Havertown, Pa., defendant.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the debtors can avoid a judicial lien on their real property pursuant to section 522(f) of the Bankruptcy Code on the basis that said lien impairs their exemption in the property. We conclude that the lien in question cannot be avoided by virtue of section 522(f) because they are not entitled to the exemption under § 522(b) of the Code since the mortgage liens against said property exceed the fair market value of the property.

The facts of the instant case are as follows:[1] On June 23, 1982, Peter and Frances Barone ("the debtors") filed a petition for relief under chapter 7 of the Code. On November 23, 1982, the debtors filed a complaint under section 522(f) of the Code to avoid a judicial lien held by James Asher Lynch, III, Esquire ("Lynch") on the debtor's real property located at 311 North 65th Street, Philadelphia, Pennsylvania, in the amount of $800.00 for unpaid legal services.

Section 522(f) of the Code provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section,* if such lien is— (emphasis added)

(1) a judicial lien; or

\* \* \* \* \* \*

11 U.S.C. § 522(f)(1).

In their complaint, the debtors aver that the existence of Lynch's lien on their real property impairs the exemption they have claimed under section 522(b) of the Code in said property. However, the debtors over-look that they have set forth in their complaint and in their schedules that the real property at issue is encumbered by mortgages totalling in excess of $70,000.00 but that the fair market value of the subject property is only $30,000.00. Based on the debtors' own pleadings, it is obvious that Lynch's lien has no bearing on the debtors' ability to claim an exemption under section 522(b). Consequently, we conclude that the lien in question cannot be avoided pursuant to section 522(f)[2] and, therefore, the debtors' complaint to avoid the lien thereunder must be denied.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. We pass no opinion on whether the lien at issue could be avoided under the appropriate section of the Code.