In re Kenneth J. SNYDER d/b/a Manchester Auto Sales a/k/a Manchester Auto Sales, Inc., Debtor.

Kenneth J. SNYDER d/b/a Manchester Auto Sales a/k/a Manchester Auto Sales, Inc., Plaintiff,

v.

Mark J. CARBAUGH, Defendant.

Bankruptcy No. 1–82–00338.

Adv. No. 1–82–0305.

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 8, 1983.

Edward R. LeCates, York, Pa., for plaintiff.

William C. Anderson, Anderson, Converse & Fennick, York, Pa., for defendant.

## MEMORANDUM AND ORDER VOIDING JUDICIAL LIEN

ROBERT J. WOODSIDE, Bankruptcy Judge.

By motion for summary judgment, the debtor seeks lien avoidance of the defendant's judicial lien. The motion was made on the grounds that there is no genuine issue on any material fact and that the debtor is entitled to judgment as a matter of law as shown by the complaint and affidavit.

The debtor's undisputed affidavit states the following pertinent facts. The defendant, Mark J. Carbaugh, procured a judgment against the debtor, based on a note in the amount of $1,400. Pursuant to that judgment, the sheriff of York County levied against the debtor's Star Craft mobile home. Drovers and Mechanics Bank also has a first lien position against the mobile home on an outstanding loan balance of $9,384.96. The undisputed affidavit stated that the value of the mobile home was $7,000 at the time of the filing.

The debtor is seeking lien avoidance against Mark J. Carbaugh. This lien avoidance action is an effort by the debtor to preserve for himself the exemption of

property made available by section 522(d)(1) of the Bankruptcy Code as follows:

> (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C. § 522(d)(1) (1978). The debtor is permitted the exemption to the extent of his aggregate interest, that is, he is entitled to an exempt portion of his equity. Debtor's brief correctly argues that he need not have an equity interest because his interest can be created by the lien avoidance to preserve the exemption. *See Pine v. Credithrift of America, Inc.,* 18 B.R. 711 (D.C.E.D.Tenn.1982). However, in this case, the avoidance of the defendant's judicial lien would not create any interest for the debtor because the $7,000 mobile home is also encumbered by Drovers and Mechanics Bank (Bank) for an amount in excess of its value. Lien avoidance, under section 522, therefore, would not benefit the debtor's fresh start because nothing would be preserved for the debtor.

The defendant's judgment lien would ordinarily "pass through the bankruptcy case unaffected unless a party in interest requests the court to determine and allow or disallow the claims secured by the lien under § 502 and the claim is not allowed. § 506(d): Collier on Bankruptcy (15th ed.) para. 506.03 at pages 506–6 and 12." *In re Sillani,* 9 B.R. 188, 189 (Bkrtcy.S.D.Fla.1981). Although the debtor's complaint under the lien avoidance provisions of § 522 is inappropriate, we will deem the complaint to be a proper request for relief under section 506 for the sake of judicial economy. In addition, all the essential factual averments exist for a determination of defendant's secured status as judicial lien holder. Because the value of the debtor's mobile home is fully encumbered by the security interest of the bank, no interest remains to which the defendant's judicial lien could attach. Therefore, we conclude

that the defendant's judicial lien is unsecured and unenforceable in the postpetition era. While the debtor has no equitable interest in the fully encumbered mobile home, future interest or equity may accrue to him if he builds equity by making payments on a reaffirmation of his obligations owing to the bank or if the mobile home appreciates in value.

Accordingly, we will enter an appropriate order.