**In re Teddy R. CHEEK, Linda G. Cheek, Debtors.**

**Bankruptcy No. 89–10113–BSS.**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

March 1, 1990.

Daniel T. Moore, Poplar Bluff, Mo., for debtors.

Tom K. O'Loughlin, II, Trustee, Cape Girardeau, Mo.

John T. Welch, Poplar Bluff, Mo., for First Midwest Bank of Poplar Bluff.

Michael Pritchett, Poplar Bluff, Mo., for Judicial Lien Holders.

MEMORANDUM OPINION
AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

INTRODUCTION

This case involves 17 Motions for Lien Avoidance filed by Teddy and Linda Cheek

(hereinafter the "Debtors"). The Debtors contend that section 522(f) of the Bankruptcy Code mandates the avoidance of the judicial liens in question due to their impairment of the homestead exemption allowed the Debtors under section 513.475 R.S.Mo.

## JURISDICTION

This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B) and (I).

## FACTS

The seventeen liens in question resulted from judgments entered against the Debtors prior to their bankruptcy filing. These judicial liens, subsequently recorded against the Debtors' homestead property, are junior to a first deed of trust, which encumbers the property to the extent of its fair market value. Thus, the Debtors currently enjoy no equity in the property.

The Debtors have asked this Court to enter an order allowing them to avoid the judicial liens claimed because the existence of such liens impairs exemptions to which the Debtors are entitled under section 513.-475 R.S.Mo. Only one respondent, First Midwest Bank of Poplar Bluff, filed a response. It contends that the Debtors are not entitled to avoid the judicial lien because: 1) the Debtors do not have an interest in the property, and 2) the liens do not impair an exemption to which the Debtors are entitled.

## DISCUSSION

Section 522(b) of the Bankruptcy Code states in pertinent part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a long portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Subsection (f) of section 522 further states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;

. . . .

Given that Missouri has enumerated various exemptions which debtors may claim in section 513.475 R.S.Mo., subsections (b) and (f) of section 522 present this Court with two issues in the instant case: 1) do the Debtors have an "interest" in the property in question?, and 2) do the judicial liens in question "impair" an exemption to which the Debtors are entitled?

### I. The Debtors' Interest in the Property

If all other requirements are met, section 522(f) allows a debtor to avoid the fixing of a judicial lien on an interest in the debtor's property. Thus, the issue arises as to what constitutes an "interest" for purposes of the statute. Several courts

have characterized the issue in the instant case as whether the debtor can be said to have an interest in property when that property is fully encumbered by nonavoidable, consensual liens. *See In re Gunter,* 100 B.R. 311 (Bankr.E.D.Va.1989); *In re Simonson,* 758 F.2d 103 (3d Cir.1985). In *In re Berrong,* 53 B.R. 640 (Bankr.D.Col. 1985), the debtor sought to avoid a $29,940.39 judicial lien, claiming that it impaired his $10,000 homestead exemption provided under Colorado law. In addition to the judicial lien, the property was encumbered by secured indebtedness which exceeded the fair market value of the property. The court, relying on and quoting *In re Brown,* 734 F.2d 119, 123 (2d Cir.1984), held that although the debtor enjoyed no equity in the property, he still held an equitable interest, as stated in section 541(a)(1). 53 B.R. at 643. Thus, the court allowed the debtor to exempt property under section 522(f).

This Court chooses to follow Judge Brumbaugh's rationale in the *Berrong* case. Although the Debtors in the instant case currently enjoy no equity in the property, they do enjoy the legal title and the rights to possess and occupy the land, as well as statutory rights of redemption. This Court deems these legal and equitable interests sufficient to constitute an "interest" in the property for purposes of section 522(b) and (f), from which the Debtor may claim a homestead exemption under Missouri law.

## II. The Debtor's Homestead Exemption Claim

■ Courts refusing to allow a debtor to use section 522(f) to void the judicial liens reason that such a lien does not impair an exemption to which the debtor is entitled. *See In re Boteler,* 5 B.R. 408 (Bankr.S.D. Ala.1980); *In re Guilmette,* 12 B.R. 799 (Bankr.D.R.I.1981); *In re Barone,* 31 B.R. 540 (Bankr.E.D.Pa.1983); *In re Washington,* 41 B.R. 211 (Bankr.E.D.Va.1984). In deciding whether a lien impairs an exemption (which allows its avoidance under section 522(f)), courts maintain that one must consider whether the debtor would be able to claim an exemption if the lien were not encumbering the property. If the debtor could not claim an exemption under such conditions, then the lien cannot be said to impair an exemption. As the court explained in *In re Washington:*

> [I]f the debtors have no equity in the property, such as if the balance due on an obligation secured by a first deed of trust exceeds the value of the property, then although the exemption is properly claimed there is no equity to which the exemption may attach and, therefore, no exemption is impaired by the ... lien. 41 B.R. at 216.

This approach to section 522(f) seems consistent with both the literal language of the section and its legislative history, which reveal Congress' understanding that under section 522(f) the debtor may avoid a judicial lien on any property to the extent that property could have been exempted in the absence of the lien. House Report No. 95–595, 75th Cong. 1st Sess. (1977) 362; Senate Report No. 95–989, 95th Cong., 1978 *U.S.Code & Admin.News* 5787, 6318.

Several circuit court opinions address the issue of whether a debtor may avoid a lien if, *as a result of that lien,* the debtor does not have any equity in the property. *See In re Maddox,* 713 F.2d 1526 (11th Cir. 1983); *In re Brown,* 734 F.2d 119 (2nd Cir.1984); *In re Hall,* 752 F.2d 582 (11th Cir.1985); *Matter of McManus,* 681 F.2d 353 (5th Cir.1982); *In re Pine,* 717 F.2d 281 (6th Cir.1983). However, these cases are distinguishable from the instant case, where the debtor does not enjoy any equity in the property *even in the absence of the lien sought to be avoided.* More pertinent to the instant case is *In re Simonson,* 758 F.2d 103 (3rd Cir.1985), in which the debtors sought to avoid a judicial lien pursuant to section 522(f), despite the complete encumbrance of the property by nonavoidable consensual liens. Unlike the instant case, however, the judicial lien sought to be avoided in *Simonson* had priority over one of the nonavoidable liens encumbering the property. In refusing to allow the debtor to avoid the lien, the majority in *Simonson,* focusing on the "interest of the debtor in property" language of section 522(f), held that this language "was intended to mean

an in interest of the debtor measured by taking into account those interests of other parties which may not be avoided under section 522(f)". 758 F.2d at 105. The court then concluded that absent the debtor's equity in the property, there is nothing to which an exemption could attach, and therefore the problem of lien avoidance under section 522(f) does not arise. *Id.* at 105–06.

The dissenting judge in *Simonson* argued that not only should the court allow the debtors to void the judicial lien, but also permit them to step into the position of the judicial lienholder so that their exemption would have priority over the second mortgage encumbering their property. *Id.* at 111. Interestingly, the dissenting judge suggested that if the two unavoidable liens encumbering the property were superior to the judicial lien (as in the instant case), he would have reached the same result as the majority, that is, not allowing the debtors to use section 522(f) to void the judicial lien. As the dissenting judge pointed out:

> In such a case the judicial liens would not impair the debtor's exemption because they do not attach to any potential value in the property. That is to say, regardless of whether the liens are avoided in this hypothetical situation the two mortgages would have first claim on the proceeds of the sale of the property. *Id.*

*Simonson* indicates that the debtor in the instant case may not avoid the judicial lien. As even the dissent recognized, there is a much stronger case for denying avoidance where the nonavoidable liens encumbering the property are superior to the judicial lien. Indeed, the dissent specifically stated that it would not allow a debtor to use section 522(f) to avoid a judicial lien when superior, nonavoidable liens encumber the property. Moreover, the majority's general analysis would also lead to a similar result, although its consideration of whether the debtor has an interest in the property fails to focus on the issue of exemption impairment.

This Court discovered only one Missouri bankruptcy opinion addressing the specific issue presented in the instant case. In *In re Shelton*, 28 B.R. 218 (Bankr.E.D.Mo. 1983), the debtors sought to avoid a judgment lien against homestead property that was already encumbered by two deeds of trust which exceeded the value of the property by more than $30,000. The court held that "[d]espite the fact that Debtors do not have any equity in the real estate, the judgment lien *is* avoidable, to the extent of the exemptions claimable, under 11 U.S.C. § 522(f)(1) ..." 28 B.R. at 219. In support of its holding, the court cited *In re Dewyer*, 11 B.R. 551 (Bankr.W.D.Pa.1980) and *In re Farley*, 19 B.R. 868 (Bankr.E.D. Tenn.1982). The *Dewyer* case, however, is distinguishable from the instant case in that the nonavoidable liens did not completely encumber the debtor's property. Thus, by avoiding the judicial lien, the debtor in *Dewyer* was able to "create" some equity against which he could claim an exemption. Admittedly, the *Farley* case did involve a factual situation essentially the same as the one in the *Shelton* case. However, the court's analysis in the *Farley* case was arguably deficient as it believed itself bound by *Pine v. Credithrift of America, Inc.*, 18 B.R. 711 (Bankr.E.D. Tenn.1982), which was subsequently reversed on appeal. Thus, this Court declines to be bound by the *Shelton* decision.

Based on the above discussion, this Court believes that a debtor may only claim impairment of an exemption under section 522 of the Bankruptcy Code when there is equity in the respective property. In other words, an exemption can only attach to equity, for without equity there can be no allowed property exemption or impairment thereof. In the instant case, the Debtors enjoy no current equity in the property. Thus, they may not claim that the judicial liens attached to their property in any way impair the homestead exemption allowed under Missouri law. The Debtors realize this when they argue that the fresh start policy of the Bankruptcy Code would be served by permitting the judicial lien avoidance now so that future appreciation of the real estate or equity created by mortgage reduction could be subject to the Debtors' claim of exemption. The court rejects such an argument because exemptions are to be

measured at the time of the filing of chapter 7 petition and not some unidentified time in the future which assumes circumstances (real estate appreciation or mortgage reduction) not proved. Accordingly, it is ORDERED

That the judicial liens attached to the Debtors' property do not impair their right to a Missouri homestead exemption and the Debtors' Motion to Avoid Liens is DENIED.