In re **Daniel Walter McKELVEY** and **Lynn Ilene McKelvey, Debtors.**

**Daniel Walter McKELVEY** and **Lynn McKelvey, Plaintiffs,**

v.

**USLIFE CREDIT CORPORATION, Defendant.**

**Bankruptcy No. 81–2870 PHX–VM. Adv. No. 81–924 VM.**

United States Bankruptcy Court, D. Arizona.

May 20, 1982.

---

Daniel Water and Lynn Ilene McKelvey, pro. per., for plaintiffs.

Ronald M. Horwitz, Phoenix, Ariz., for defendant.

## MEMORANDUM DECISION

VINCENT D. MAGGIORE, Bankruptcy Judge.

The matter before the court is a complaint to avoid a lien on household goods. The debtors, Daniel and Lynn McKelvey, filed this complaint pursuant to Section 522(f) of the Bankruptcy Code (11 U.S.C. § 522(f)). A creditor, USLife Credit Corporation, contends that because of the Arizona law on exemptions, the debtors are not able to utilize § 522(f) to avoid the defendant's lien in their household goods. A hearing was held on the matter on April 16, 1982 at which time the debtors appeared pro. per.

The matter was submitted on the following facts. On or about December 16, 1980, the debtors entered into a loan agreement with USLife. The promisory note was for $3,420.00 and a balance of $2,734.63 remains unpaid. In conjunction with the loan, the debtors executed a security agreement which granted to USLife a security interest in the debtor's household goods and furnishings. The money borrowed does not represent any part of the purchase money for any of the items covered by the security agreement. Most of the articles included in the security agreement in the possession of the debtors and their family.

The debtors rely on Section 522(f)(2)(A) as granting them the power to avoid US-Life's security interest.

(f) notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

The issue is whether the bankrupt may avoid the fixing of a lien under Section 522(f) when the avoidance is permitted by Federal law but apparently denied by Arizona State Law.

The Bankruptcy Code provides in Section 522(b) (11 U.S.C. § 522(b)) that states may "opt out" of the federal exemption scheme encompassed in Section 522(d). Arizona has opted out by enacting A.R.S. § 33–1133(B) which provides as follows:

"(B). Notwithstanding subsection A. in accordance with 11 U.S.C. § 522(B), residents of this state are not entitled to the federal exemptions provided in 11 U.S.C. § 522(d). Nothing in this section affects the exemptions provided to residents of this state by the constitution or statutes of this state"

The relevant Arizona exemption statutes are A.R.S. §§ 33–1123 and 33–1122 which states:

§ 33–1123 Household furniture, furnishings and appliances.

The following household furniture, furnishings and appliances personally used by the debtor are exempt from process provided their aggregate fair market value does not exceed four thousand dollars:

1. One kitchen and one dining room table with four chairs each, plus one additional chair for each dependent of the debtor who resides in the household if the debtor and dependents exceed four in number.

2. One living room couch.

3. One living room chair, plus one additional chair for each dependent of the debtor who resides in the household.

4. Three living room coffee or end tables.

5. Three living room lamps.

6. One living room carpet or rug.

7. Two beds, plus one additional bed for each dependent of the debtor who resides in the household.

8. One bed-table, dresser and lamp for each bed allowed by paragraph 7.

9. Bedding for each bed allowed by this section.

10. Pictures, oil paintings and drawings, drawn or painted by debtor and family portraits in their necessary frames.

11. One television set.

12. One radio.

13. One stove.

14. One refrigerator.

15. One washing machine.

§ 33–1122. Debtor's Property not exempt from process.

The property declared exempt by this article is not exempt from process utilized to enforce a security interest in or pledge of such property, or to obtain possession of leased property.

USLife's argument is based on the relationship of A.R.S. § 33–1122 to A.R.S. § 33–1133 and 11 U.S.C. § 522(f). USLife alleged that under § 522(b) a debtor in the state of Arizona can only utilize the exemption scheme provided by Arizona law as restricted by A.R.S. § 33–1122. That is, the credit corporation states that Arizona law does not allow an exemption on property upon which the debtor has given a security interest. Since Arizona has "opted out" of the federal exemption scheme, the only exemptions available are those specifically provided for by Arizona Law. USLife argues that Section 522(f) cannot be used to avoid the fixing of a lien on the secured household items. That is, liens may be avoided under Section 522(f) only to the extent that a lien impairs an exemption to which the debtor would have been entitled. USLife contends that since the debtor had no exemption as to these particular items under Arizona law, no exemption exists that their liens could impair.

The debtor, on the other hand, argues 1) that Section 522(f) applies "notwithstanding any waiver of exemptions," 2) that the granting of the security interest constituted a waiver; 3) that the debtor would have been entitled to the exemption under both state and federal law but for the waiver in the granting of the security interests; and; 4) hence, Section 522(f) expressly applies notwithstanding any such waiver.

The conflict at this point, then boils down to either the creditor's assertion that the election of the state exemptions subjects the debtor to all state law limitations therein; or the debtor's assertion that § 522(f) alters a state exemption scheme. We believe, as does the bankruptcy Appellate Panel in a similar situation, that the debtors are correct. *In Re Dahdah*, BAP No. CC–81–1086–KGH, Bankruptcy No. SA–81–00062 PE (March 16, 1982)

A review of the legislative history reveals that it was the intent of Congress to permit the avoidance of a narrow category of contractual liens upon a narrow category of property normally exempt *but for* such contractual liens, i.e. those which are nonpossessory, nonpurchase money security interests encumbering the narrow category of property consisting roughly of household goods, tools of the trade, and health aids. See, Report of the Commission of the Bankruptcy Laws of the United States, H.R.Doc. No.137, 93 Cong., 1st Sess. Pt. I, 170–173; Pt. II, 125–130; H.R.95–595, pp. 126–127, 171, 360–363; S.R.95–989, p. 76, U.S.Code Cong. and Admin.News 1978, p. 5787; 124 Cong.Rec. H 11096 (daily ed. Sept. 28, 1978).

There can be no doubt that it was the intent of the Congress to provide debtors with certain specific items of exempt property free from the narrow category of prior contractual liens specified as nonpossessory, non-purchase money security interests. *In re Pape* (1980, BC ND Fla.) 7 B.R. 443, CCH Bankr.L.Rptr. p. 67878. In the present case, USLife admits that its interest in the household goods is nonpossessory and non-purchase money. In a non-bankruptcy proceeding in Arizona, USLife would have a claim on the household goods which the debtors could not avoid. In the bankruptcy court, however, the debtor is not similarly disadvantaged. An examination of the "opt-out" statute passed by the Arizona Legislature makes clear that the only thing the Arizona Legislature did when it passed the opt-out provision was to deny Arizona debtors the benefits of the New Code "laundry list" of exemptions and substitute its own. No other provision of the New Code was abrogated. A.R.S. § 33–1133.

Thus, USLife has precisely the lien on household which § 522(f) allows the debtor to avoid. The debtor's property, *but for the lien*, is exempt. Therefore, the fixing of the lien can be and has been avoided and the exemption restored.

To construe the Arizona statute in the manner preferred by USLife would be to render Section 522(f) meaningless. Such a construction would be contrary to the intent of Congress and would be void by virtue of the Supremacy Clause. An order consistent with these findings shall be entered.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.