**In Re Jackson Leroy DAY and Lela Mae Day dba Mayday Maintenance, Debtors.**

**Jackson Leroy DAY and Lela Mae Day dba Mayday Maintenance, Movants,**

v.

**UNITED BANK OF ARIZONA, Respondent.**

**Bankruptcy No. B–86–2227–PHX–SSC.**

United States Bankruptcy Court, D. Arizona.

March 20, 1987.

Richard Galvan, Carson, Messinger, et al., Phoenix, Ariz., for United Bank of Ariz.

Brian L. Tidd, Jacoby & Meyers Law Offices, Phoenix, Ariz., for debtors.

Stanley Fogler, Trustee.

## OPINION AND ORDER

SARAH SHARER CURLEY, Bankruptcy Judge.

On May 29, 1986, Debtors in this action filed for relief under Title 11, United States Code, Chapter 7. In their petition, on Schedule B–4, the Debtors claimed as exempt property pursuant to A.R.S. § 33–1130(1)[1] tools and equipment of the Debtors used in their business and profession. On Schedule A–2 of their petition, Debtors listed United Bank as a creditor with a security interest in the Debtors' trade equipment. The Debtors are in the maintenance/janitorial business and reportedly do business as Mayday Maintenance.

On August 5, 1986, the Debtors filed the instant adversary action, Adversary "B", to avoid the security interest of United Bank in the Debtors' maintenance equipment pursuant to 11 U.S.C. § 522(f)(2)(B) to the extent that such lien impairs the Debtors' exemption rights pursuant to A.R.S. § 33–1130(1). On August 21, 1986, United Bank filed an objection to the Debtors' motion to avoid its security interest in the Debtors'

business equipment. Citing *In re McManus,* 681 F.2d 353 (5th Cir.1982), the Bank argued that the Debtor could not pursue this motion because under the applicable state law, under this particular set of circumstances, A.R.S. § 33–1122[2] in effect nullifies these Debtors' exempt property interest in this particular equipment as provided by A.R.S. § 33–1130(1). In sum, the Bank concluded that under the applicable Arizona State Law, the Debtors have no exempt property rights in their professional tools as to the Bank's security interest. Therefore, the Bank's security interest cannot be avoided pursuant to 11 U.S.C. § 522(f)(2)(B). In response the Debtors argued that no state law may act to strip the Debtors of their rights to avoid certain liens in exempt property pursuant to 11 U.S.C. § 522(f). U.S. Const. art. VI, cl. 2.

The issue this Court must decide is whether these Debtors have an exempt property interest in their tools of the trade pursuant to 11 U.S.C. § 522(b) and A.R.S. § 33–1133(B).[3] The Bank asserts that A.R.S. § 33–1122 eliminates the Debtors' exempt property interest in their tools of the trade. The Debtors contend that A.R.S. § 33–1122 runs afoul of the Supremacy Clause by, in effect, impairing certain Debtors' rights granted under 11 U.S.C. § 522(f).

With respect to this particular Arizona Statute, A.R.S. § 33–1122, this is not the first time this specific issue has surfaced in the Bankruptcy Court. *In re McKelvey,* 20 B.R. 405 (Bankr.D.Ariz.1982). The Court notes that the *McKelvey* opinion was published the same year as *McManus supra.*

---

1. The statute provides as follows:

"The following tools and equipment of a debtor used in a commercial activity, trade, business or profession shall be exempt from process:
1. The tools, equipment, instruments and books of a debtor or the spouse of a debtor primarily used in, and necessary to carry on, the commercial activity, trade, "business or profession of the debtor or the debtor's spouse, not in excess of an aggregate fair market value of two thousand five hundred dollars. For the purpose of this paragraph, "tools" do not include a motor vehicle primarily used by a debtor for personal, family or household purposes such as transportation to and from the debtor's place of employment."

2. The statute provides:

"The property declared exempt by this article is not exempt from process utilized to enforce a security interest in or pledge of such property, or to obtain possession of leased property."

3. Subsection 33–1133(B) provides:

"B. Notwithstanding subsection A, in accordance with 11 U.S.C. 522(b), residents of this state are not entitled to the federal exemptions provided in 11 U.S.C. 522(d). Nothing in this section affects the exemptions provided to residents of this state by the constitution or statutes of this state."

Post-*McManus,* the Circuits have split in adopting either the majority or dissenting positions published in *McManus. In re Spears,* 744 F.2d 1225 (6th Cir.1984); *In re Allen,* 725 F.2d 290 (5th Cir.1984); *cf. In re Hall,* 752 F.2d 582 (11th Cir.1985); *In re Maddox,* 713 F.2d 1526 (11th Cir.1983); *In re Dahdah,* 20 B.R. 665, 9 BCD 166 (9th Cir.BAP 1982).

While the Ninth Circuit has not issued an opinion expressly adopting or rejecting the *McManus* majority position, this Court finds and concludes that *McKelvey* and *Dahdah* provide for the correct disposition of this matter. In addition, this Court concludes that there is basis to hold that *Dahdah,* controls the outcome of this matter. *In re Windmill Farms, Inc.,* 70 B.R. 618 (9th Cir. BAP 1986).

In reconciling this opinion with the specific argument proffered by the Bank in this adversary, the Court expressly rejects the Bank's legal conclusion that A.R.S. § 33–1122 nullifies the very existence of these Debtors' exempt property rights under A.R.S. § 33–1130(1). On reading the applicable state law, this Court concludes that A.R.S. § 33–1130(1) vests these Debtors with an exempt property right in tools of the trade to the extent such an exemption is available to these Debtors. This Court further concludes that A.R.S. § 33–1122 merely contemplates certain creditors' enforcement rights. The presence of this statutory section in no way obliterates or nullifies a Debtor's rights under the applicable state law, A.R.S. § 33–1101 *et seq.* Any other reading of A.R.S. § 33–1122 would be in direct contradiction with A.R.S. § 33–1133(A)[4] and would impermissibly violate the Supremacy Clause. U.S. Const. art VI, cl. 2.; *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

For all of the above-stated reasons:

IT IS ORDERED overruling United Bank of Arizona's objection to Debtors' motion to avoid lien under 11 U.S.C. § 522(f)(2)(B).

---

4. Subsection A of Section 33–1133 provides:
"A. Nothing in this article shall be construed to displace other provisions of law which afford

Pursuant to F.R.C.P. 52, as adopted by *Fed.R.Bankr.P.* 7052, this Opinion and Order shall constitute findings of fact and conclusions of law in support of this decision.

additional or greater protection to a debtor's property."