**In re Michael Owen BABCOCK, and Viki Lynn Burch Babcock, debtors.**

Adv. No. 480–00377–LC.

United States Bankruptcy Court,
W. D. Louisiana,
Lafayette—Opelousas Division.

March 13, 1981.

Emmet Sole, Lake Charles, La., for Calcasieu Financial Services Corp.

William C. McCall, Lake Charles, La., for debtors.

## OPINION

RODNEY BERNARD, Jr., Bankruptcy Judge.

Hearing was held September 18, 1980 on an objection to the debtors' list of exempt property filed by Calcasieu Financial Services Corp., a creditor in the case of Michael Owen Babcock and Viki Lynn Burch Babcock, the debtors herein. The creditor moved to have all the items listed in its chattel mortgage declared non-exempt.

## STATEMENT OF THE FACTS

On August 5, 1980 the debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. In the debtors' Schedule B–4 they claimed certain household goods as exempt under Louisiana Revised Statutes 13:3881. On September 5, 1980 the debtors received notice that Calcasieu Financial Services Corp., had filed an objection to their list of exempt property. Calcasieu Financial Services Corp., had taken a non-purchase money security interest in certain household items which the debtors included in their list of exempt property. The security interest held by the creditor is a chattel mortgage.

## CONCLUSIONS OF LAW

The debtors assert that the security interest held by the creditor is a non-purchase money security interest on household items which are exempt under Louisiana Revised Statutes 13:3881. They further assert that 11 U.S.C. 522(f) allows the debtors to avoid this lien. The creditor contends that by virtue of Louisiana Revised Statutes 13:3885 the debtors are not able to claim an exemption on property if the debtor has granted a chattel mortgage on such property.

Under 11 U.S.C. 541 all of the debtors' interest in property becomes a part of the estate. In order to take advantage of any exemption the debtor must set aside his exempt property and declare which statute he relies on to claim such exemptions. 11 U.S.C. 522(d) is the section of the Bankruptcy Code which controls exemptions. Sec-

tion 522(b) gives the debtors an option to take exemptions listed in 11 U.S.C. 522(d) or State law exemptions if any are available. However, the Bankruptcy Code has given the States the authority to pass laws which would provide State exemptions and preclude debtors from choosing the Bankruptcy Code Section 522(d) exemptions. 124 Cong.Rec. H–11,095 (Sept. 28, 1978). Also see, 3 Coll. 522.09 and 522.21. Bankruptcy Code Section 522(b) gives this authority to the States and reads as follows:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
>
> (1) property that is specified under subsection (d) of this section, unless State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
>
> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtors domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; . . .

The Louisiana Legislature has chosen to provide its own exemption statute and has taken advantage of the Bankruptcy Code provision which allows the States to prohibit the use of the exemptions provided in 11 U.S.C. 522(d). This is done through Louisiana Revised Statutes 13:3881(B), which reads as follows:

> B. In cases instituted under the provisions of Title 11 of the United States Code, entitled "Bankruptcy," there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the state of Louisiana and under federal laws other than Subsection (d) of said Title 11 of the United States Code.

Therefore, the sole basis for claiming exemptions by a Louisiana resident is Louisi-

ana Revised Statutes 13:3881(A) 1 through 4, and federal law other than 11 U.S.C. 522(d). The exemptions provided by Louisiana Revised Statutes 13:3881 are as follows:

> A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever;
>
> (1) Seventy-five per centum of his disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof according to whether the employee's pay period is greater or lesser than one week. The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.
>
> (2) The tools, instruments, and books necessary to exercise of a trade, calling or profession by which he earns his livelihood in whole or in part, provided that motor vehicles and trailers, except one pickup truck and trailer actually used in his trade, shall not be deemed to fall within the provisions of this paragraph;
>
> (3) A right of personal servitude, of use and habitation, of the estate of a minor child, and the income from dotal property; and
>
> (4) The clothing, bedding, linen, chinaware, non-sterling silverware, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooking equipment, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers (electric or otherwise) used by him or a member of his family; the family portraits; his arms and military accoutrements; the musical instruments played or practiced on by him or a member of his family; poultry, fowl, and one cow kept by him for the use of his family.

The question in this case arises because of what seems to be a conflict between a section of the Bankruptcy Code exemption statute and a section of the Louisiana exemption statute. The issue is whether the

debtor may exempt property upon which he has granted a valid chattel mortgage. The Bankruptcy Code in 11 U.S.C. 522(f) allows the debtor to avoid a lien to the extent the lien impairs an exemption to which the debtor is entitled under 522(b). The wording of 11 U.S.C. 522(f) is as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—* * *

(2) a nonpossessory, nonpurchase money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; . . .

Under the Louisiana exemption statute a debtor is unable to avoid a lien on exempt property if he has granted a valid chattel mortgage. This exception to the exemptions is provided in Louisiana Revised Statutes 13:3885, which reads as follows:

Notwithstanding the provisions of R.S. 13:3881(2) and (4) to the contrary, a person who has granted a chattel mortgage on his property described in R.S. 13:3881(2) or (4) may not thereafter claim an exemption from the seizure of such property for the enforcement of that mortgage.

■ The key language in 11 U.S.C. 522(f) which allows the debtor to avoid the fixing of a lien on an interest in property to the extent such lien impairs an exemption is: "to which the debtor would have been entitled under subsection (b) of this section." This language is important because the power to avoid a lien under 522(f) is linked to 522(b). Section 522(b) is the subsection which gives the power to the States to enact their own exemption statutes and preclude the exemptions provided in 522(d) of the Bankruptcy Code. Therefore, the language in 522(f) which allows the debtor to avoid liens on property "to which the debtor would have been entitled under subsection (b)" means property exempt under State law when the State has taken the option to prohibit the Bankruptcy Code exemptions in favor of its own exemptions. In this case State law prohibits avoiding a lien on exempt property where there is a valid chattel mortgage. The exempt status of household items under Louisiana Revised Statutes 13:3881 is changed to non-exempt status by 13:3885. The property described in 522(f) is not an exemption to which the debtor is entitled. Thus, 522(f) could not apply to this situation.

The conflict between 522(f) is only superficial. If such a conflict did in fact exist, the Supremacy Clause of the United States Constitution would require federal bankruptcy law to supercede. No conflict exists. The yet unreported case of Thomas Yale McManus and Betty Sue Smith McManus, Case No. 580–00750–S decided by Bankruptcy Judge Smallenburger in the Shreveport Division of the Western District of Louisiana, and affirmed on appeal by District Judge Stagg in Civil Action No. Cl–801623; decided this same question. In that case the court noted:

Superficially, Louisiana Revised Statutes 13:3885 appears to conflict with Section 522(f). The existence of such a conflict would result in the supercession of Federal Bankruptcy law under the Supremacy Clause of the United States Constitution. There is, however, no need to invoke the Supremacy Clause in this instance because no conflict exists. R.S. 13:3885 governs exemptions of certain properties the application of which Section 522(b)(2)(A) specifically authorizes in bankruptcy proceedings. Since 13:3885 applies under Section 522(b)(2)(A) and Section 522(f) relies on the preceding section there is no conflict between the statutes and R.S. 13:3885 is constitutional.

As the court decided in the *McManus* case cited above and as we must decide here, Section 522(f) is not applicable and the creditor holding the valid chattel mortgage,

Calcasieu Financial Services Corp., is a secured creditor. The debtors Michael Owen Babcock and Viki Lynn Burch Babcock are unable to avoid this lien.

Judgment in accordance with the above will be signed upon submission. All costs of this proceeding are to be paid by the debtors.