In the Matter of Craig D. STRAIN, Julie Strain, dba Designs in Landscaping, Debtors.

Craig D. STRAIN and Julie Strain, dba Designs in Landscaping, Plaintiff,

v.

VALLEY BANK, an Idaho Banking Corporation, Defendant.

Bankruptcy No. 81–0484.

United States Bankruptcy Court, D. Idaho.

Jan. 25, 1982.

Kent E. Whittington, Idaho Falls, Idaho, for plaintiff.

Steven A. Hoskins, Idaho Falls, Idaho, for defendant.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

The present matter is before the court for final determination pursuant to stipulation of the parties at pretrial. Plaintiff debtors seek, by this proceeding, to avoid defendant's lien under the provisions of 11 U.S.C. § 522(f). Defendant has alleged an affirmative defense upon which it relies entirely, i.e. "Under I.C. 11–607, plaintiff is prohibited from voiding defendant's otherwise validly perfected lien as the same applies to the above described property." There is no disagreement as to the fact that defendant has a nonpossessory, nonpurchase-money security interest in debtors' household goods. § 522(f) provides:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor."

Defendant relies upon I.C. 11–607(2) which provides:

"This act does not affect any statutory lien or security interest in exempt property. Such a security agreement shall not be invalidated in or affected by any legal

proceedings, including those under the federal bankruptcy act, involving the debtor."

This provision of the Idaho Code was enacted in 1981 in conjunction with the Idaho legislature's decision to deny Idaho residents federal exemptions in bankruptcy. See 11 U.S.C. § 522(b). The measure by which Idaho "opted out" of the federal exemptions was entitled:

"RELATING TO EXEMPTIONS OF CERTAIN KINDS OF PROPERTY FROM LEVY AND EXECUTION UNDER FEDERAL BANKRUPTCY PROCEEDINGS; AMENDING SECTION 11–607, IDAHO CODE, BY PROVIDING THAT A SECURITY AGREEMENT CANNOT BE INVALIDATED IN CERTAIN PROCEEDINGS; AMENDING CHAPTER 6, TITLE 11, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 11–609, IDAHO CODE, TO EXPRESSLY PRECLUDE THE ELECTION BY IDAHO DEBTORS OF CERTAIN FEDERAL EXEMPTIONS IN FEDERAL BANKRUPTCY ACT PROCEEDINGS; AND DECLARING AN EMERGENCY."

1981 Id. Sess. Laws, ch. 81, p. 113.

A number of cases have considered the issue presented herein: whether a state may, in conjunction with denying its resident debtors federal exemptions under § 522, also deny its debtors the right to avoid liens under § 522(f). Defendant relies primarily upon the case of *In re Babcock*, 9 B.R. 475, 7 B.C.D. 890 (Bkrtcy.W.D. La.1981). In essence, this case holds that, upon opting out, a debtor's exemptions must be determined in accord with applicable state law, and this law may inherently deny debtors the avoiding powers of § 522(f).

Upon research of this question, I have found a large number of courts which disagree with the Bankruptcy Court of the Western District of Louisiana.[1] These cases essentially hold that congressional intent, as reflected by the legislative history of the Bankruptcy Reform Act of 1978 and the language of § 522 itself, requires the conclusion that § 522(f) avoiding powers remain unaffected by a state's decision to "opt out" of the federal exemption scheme. It would serve little purpose to reiterate here, in detail, the case authority, commentary, and legislative history supporting the majority view.

Upon consideration of the cases noted below and the arguments made therein, I conclude that the Idaho legislature's attempt to deny debtors in federal bankruptcy proceedings the right to avoid liens pursuant to § 522(f) is of no effect in light of clear congressional power to make uniform laws concerning bankruptcy, U.S. Constitution, Article I, Section 8, Clause 4, and the Supremacy Clause, U.S. Constitution, Article VI, Clause 2. While it is true that state

---

1. Bankruptcy Courts holding, expressly or in dicta, that 522(f) survives a state's denial of federal exemptions and/or state statutes making exemptions subject to otherwise avoidable liens.

*In re Phillips*, 13 B.R. 811 (Bkrtcy.N.D. Ohio 1981); *In re Storer*, 13 B.R. 1 (Bkrtcy.S.D. Ohio 1981); *In re Falck*, 12 B.R. 835 (Bkrtcy.C.D.Cal. 1981); *In re Fredrickson*, 12 B.R. 506 (Bkrtcy. D.S.D.1981); *In re Pine*, 11 B.R. 595 (Bkrtcy.E. D.Tenn.1981); *In re Snellings*, 10 B.R. 949 (Bkrtcy.W.D.Va.1981); *In re Marinski*, 9 B.R. 579 (Bkrtcy.N.D. Ohio 1981); *In re Giles*, 9 B.R. 135 (Bkrtcy.E.D.Tenn.1981); *In re Bowles*, 8 B.R. 394 (Bkrtcy.S.D. Ohio 1981); *In re Farris*, 8 B.R. 186 (Bkrtcy.E.D.Tenn.1981); *In re Barto*, 8 B.R. 145 (Bkrtcy.E.D.Va.1981); *In re Rodgers*, 5 B.R. 761, 2 C.B.C.2d 1294 (Bkrtcy.W.D. Va.1981); *In re Dubrock*, 5 B.R. 353, 2 C.B.C.2d 776, 6 B.C.D. 771 (Bkrtcy.W.D.Ky.1980); *In re Curry*, 5 B.R. 282, 2 C.B.C.2d 710 (Bkrtcy.N.D.

Ohio 1981) (*affirmed* 11 B.R. 716); *In re Hill*, 4 B.R. 310, 2 C.B.C.2d 123, 6 B.C.D. 307 (Bkrtcy. N.D. Ohio 1980); *In re Cox*, 4 B.R. 240, 2 C.B.C.2d 255, 6 B.C.D. 434 (Bkrtcy.S.D. Ohio 1980); *In re Redin*, 14 B.R. 727, 8 B.C.D. 332 (Bkrtcy.D.Colo.1981); *In re Kursh*, 9 B.R. 801, 4 C.B.C.2d 84, 7 B.C.D. 592 (Bkrtcy.W.D.Mo. 1981).

District Courts similarly holding:

*In re Curry*, 11 B.R. 716, 7 B.C.D. 968 (N.D. Ohio 1981) (*affirming* 5 B.R. 282).

Bankruptcy Courts expressly or implicitly holding 522(f) does not authorize lien avoidance contrary to state law preserving such liens.

*In re Babcock*, 9 B.R. 475, 7 B.C.D. 890 (Bkrtcy. W.D.La.1981); *In re Panesky*, 5 B.R. 201, 2 C.B.C.2d 835 (Bkrtcy.N.D. Ohio 1980); *In re Scott*, 12 B.R. 613 (Bkrtcy.D.Okla.1981).

District Courts similarly holding:

*In re Foster*, 8 B.C.D. 360 (N.D.Ohio 1981).

exemptions must be interpreted in accord with state law, I conclude the congressional intent in enacting § 522(f) is so clear that direct conflict with federal law exists here. The conflict here is not superficial nor capable of reconciliation through statutory construction, but rather is a direct attempt by the state legislature to deny debtors a right expressly and intentionally granted under the Bankruptcy Code.

Defendant's lien is avoided pursuant to 11 U.S.C. § 522(f)(2) to the extent it impairs plaintiffs' exemption. Plaintiff is directed to prepare a proposed order in accord with this decision.