**In re Martin George MILLER, d/b/a End of the Rainbow Paint Shop, and Anna Louise Miller, Debtors.**

**AMERICAN BANK AND TRUST, Plaintiff,**

v.

**Martin George MILLER, Anna Louise Miller and John C. McLemore, Trustee, Defendants.**

Bankruptcy No. 282–04182.
Adv. No. 283–0048.

United States District Court,
M.D. Tennessee.

June 6, 1983.

Don O. Johnson, Cookeville, Tenn., for plaintiff.

H. Marshall Judd, Cookeville, Tenn., for defendants and counter-plaintiffs.

## ORDER

MORTON, Chief Judge.

Upon review of the report of the standing master, IT IS ORDERED that the report is approved.

THEREFORE, IT IS ORDERED that 11 U.S.C.A. § 522(f) (West 1979) is available to the debtors and may be used by the debtors to avoid the plaintiff's lien to the extent of the personal property exemptions available to the debtor.

IT IS FURTHER ORDERED that the debtors are not limited to the $750 tools of the trade exemption provided in Tenn.Code Ann. § 26–2–111 (repl. vol. 1980), but may also exempt tools of the trade under the general personal property exemption contained in Tenn.Code Ann. § 26–2–102 (repl. vol. 1980).

IT IS SO ORDERED.

## REPORT AND NOTICE

Pursuant to Rule 53(e)(1), Federal Rules of Civil Procedure, the standing master submits this proposed order to the United States District Court for the Middle District of Tennessee with the recommendation that this proposed order be approved. Notice is hereby given that all parties in interest have 10 days within which to file objections

to this report with the Bankruptcy Court Clerk designated under Administrative Order No. 28–3 as the Clerk for the United States District Court for the Middle District of Tennessee.

### REPORT OF STANDING MASTER [1]

KEITH M. LUNDIN, Bankruptcy Judge, Standing Master.

Two issues are presented in this case: (1) whether a debtor claiming exemptions under Tennessee state law may use 11 U.S. C.A. § 522(f) (West 1979) to avoid a creditor's nonpossessory, nonpurchase money security interest; and (2) whether the specific $750 "tools of trade" exemption provided in Tenn.Code Ann. § 26–2–111 (repl. vol. 1980) precludes a debtor from claiming tools of trade as exempt under the general $4,000 personal property exemption provisions of Tenn.Code Ann. § 26–2–102. After a review of the briefs and arguments of the parties and applicable authority, I find that § 522(f) is available to avoid the plaintiff's nonpossessory, nonpurchase money security interest to the extent that the debtors have unused personal property exemptions under state law.

The debtors, Martin George and Anna Louise Miller ("Millers") filed for relief under Chapter 7 on December 27, 1982. The Millers claimed exemptions in personal property including: mechanics body tools and boxes ($1,000); frame machine and box ($1,000); supplies and stock ($1,000), and a 1965 Buick ($200). The plaintiff, American Bank & Trust Company ("bank"), holds a nonpossessory, nonpurchase money security interest in this property pursuant to a promissory note dated October 19, 1981 and perfected through the Secretary of State on November 17, 1981. The promissory note secured indebtedness in the amount of $4,262.03.

The bank filed a complaint objecting to the debtors' claim of exemptions on January 27, 1983. A hearing was conducted on April 19, 1983.

11 U.S.C.A. § 522 (West 1979) controls the allowance of exemptions under the Bankruptcy Code. Section 522(b)(1) allows a state to enact its own exemption provisions, and to specifically deny debtors the right to claim the federal exemptions listed in § 522(d).[2] Tennessee elected to "opt-out" of the Code-created federal exemptions in 1980. Tenn.Code Ann. § 26–2–112 (repl. vol. 1980).[3]

■ The first issue raised by this proceeding is whether § 522(f) survives the

---

1. Following the Supreme Court's invalidation of the jurisdictional provisions of § 241(a) of the Bankruptcy Reform Act of 1978 in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the expiration of the stay without intervening Congressional action, the Judicial Council for the United States Court of Appeals for the Sixth Circuit promulgated an "emergency rule" which was adopted by the United States District Court for the Middle District of Tennessee on December 24, 1982. *In re Administration of the Bankruptcy System,* Adm. Order No. 28(a) (M.D.Tenn. Dec. 24, 1982). This court subsequently declared the "emergency rule" unconstitutional and held that the district courts were without jurisdiction to entertain bankruptcy cases. *In re Conley,* 26 B.R. 885 (Bkrtcy.M.D.Tenn.1983). Thereafter, the United States District Court for the Middle District of Tennessee ruled that bankruptcy jurisdiction continued in the district courts, but that the "emergency rule" was invalid. *Walter E. Heller and Co. Southeast, Inc. v. Matlock Trailer Corp.,* 27 B.R. 318, 323 (D.C.M.D.Tenn.1983). Administrative Order No. 28 was withdrawn and by subsequent administrative orders, the Bankruptcy Judges for the Middle District of Tennessee were appointed standing masters to administer bankruptcy cases referred to them pursuant to Rule 53 of the Federal Rules of Civil Procedure. This case was referred to the standing master on April 6, 1983.

2. 11 U.S.C.A. § 522(b)(1) (West 1979) provides in pertinent part:
 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
 (1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize* .... (emphasis added).

3. The constitutionality of the Tennessee opt-out statute has recently been sustained by the United States Court of Appeals for the Sixth Circuit. *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983).

enactment of the Tennessee exemption law and the opt-out provision. Section 522(f) provides in relevant part:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\* \* \* \* \* \*

(2) a nonpossessory, nonpurchase-money security interest in any—

\* \* \* \* \* \*

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

The bank argues that the enactment of superceding state exemptions invalidates § 522(f). I cannot agree. The state opt-out statute, on its face, declares that *only* the exemptions specified in § 522(d) are superceded. Tenn.Code Ann. § 26–2–112 (repl. vol. 1980) provides in pertinent part:

Exemptions for the purpose of bankruptcy.—The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law 95–598 known as the Bankruptcy Reform Act of 1978, Title 11 USC, section 522(b)(1), are not authorized to claim as exempt the *property described in the Bankruptcy Reform Act of 1978, 11 USC 522(d).* (emphasis added).

The state exemption law cannot and should not be interpreted as an attempt to deny Tennessee residents the benefits of § 522(f) lien avoidance. The clear intent of the Tennessee legislature was to supercede only the specific monetary limits provided in § 522(d).

Section 522(b)(1) does not grant to the states authority to alter the operation of § 522(f). Although § 522(b)(1) enabled states to establish their own items of exempt property, and place limits thereon, § 522(b)(1) does not sanction state interference with the availability of lien avoidance. State attempts to restrict or eliminate § 522(f) have been declared unconstitutional and invalid. *See Strain v. Valley Bank,* 16 B.R. 797 (Bkrtcy.D.Idaho 1982); *Cox v. Blazer Financial Services,* 4 B.R. 240 (Bkrtcy.S.D.Ohio 1980). Judge Kelley, in an exhaustive review of the case law, the relevant legislative history, and the available literature has concluded that § 522(f) remains available in Tennessee to avoid nonpossessory, nonpurchase money security interests where the total value of the property to be exempted is less than $4,000. *Pine v. Credithrift of America, Inc.,* 11 B.R. 595 (Bkrtcy.E.D.Tenn.1981), *aff'd,* 18 B.R. 711 (D.C.E.D.Tenn.1982). *See also Giles v. Credithrift of America, Inc.,* 9 B.R. 135 (Bkrtcy.E.D.Tenn.1981), *aff'd,* 18 B.R. 708 (D.C.E.D.Tenn.1982); *Farris v. Barclays American Financial, Inc.,* 8 B.R. 186 (Bkrtcy.E.D.Tenn.1981). The overwhelming majority of other courts have similarly held that § 522(f) continues to be operative, despite the enactment of state "opt-out" legislation and separate state exemption provisions. *See Curry v. Associates Financial Services,* 11 B.R. 716, 721 (D.C.N.D. Ohio 1981); *Associates Financial Services v. Dahdah,* 20 B.R. 665, 666 (Bkrtcy.App. 9th Cir.1982); *McKelvey v. US Life Credit Corp.,* 20 B.R. 405, 408 (Bkrtcy.D.Ariz.1982); *Redin v. Fidelity Financial Services,* 14 B.R. 727, 729 (Bkrtcy.D.Colo.1981); *Phillips v. Household Finance Corp.,* 13 B.R. 811, 815 (Bkrtcy.N.D.Ohio 1981); *Storer v. Thorp Credit, Inc.,* 13 B.R. 1, 4 (Bkrtcy.S.D.Ohio 1981); *Frederickson v. Household Finance Corp.,* 12 B.R. 506, 508 (Bkrtcy.D.S.D.1981); *Dickens v. Snellings,* 10 B.R. 949, 955 (Bkrtcy.W.D.Va.1981); *Kursh v. Dial Finance Co.,* 9 B.R. 801, 803 (Bkrtcy.W.D.Mo. 1981); *Security Pacific Finance Corp. v. Banta,* 8 B.R. 145, 151 (Bkrtcy.E.D.Va. 1981); *Credithrift of America, Inc. v. Dubrock,* 5 B.R. 353, 356 (Bkrtcy.W.D.Ky. 1980). *Contra, Cowan v. Cowan (In re*

*Scott),* 12 B.R. 613 (Bkrtcy.D.Okl.1981); *In re Babcock,* 9 B.R. 475, 478 (Bkrtcy.W.D.La. 1981); *Panesky v. CIT Financial Services,* 5 B.R. 201, 203 (Bkrtcy.N.D.Ohio 1980).

 The debtors are not limited to a $750 "tools of the trade" exemption.[4] Tenn. Code Ann. § 26–2–11 (repl. vol 1980) reads in part:

> Additional exemptions—Certain benefit payments—Awards—Tools of trade—Health care aids.—In addition to the property exempt under § 26–2–102, the following shall be exempt from execution, seizure or attachment in the hands of possession of any person who is a bona fide citizen permanently residing in Tennessee:

> . . . . .

> (4) The debtor's aggregate interest, not to exceed seven hundred fifty dollars ($750) in value in any implements, professional books, or tools of the trade of the debtor othe trade of a dependent of the debtor.

This grant of exemptions by the Tennessee legislature should be liberally construed in favor of the debtors, *Porter v. Aetna Casualty & Surety Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962), and should be interpreted to foster the debtors' fresh start. *In re Boyd,* 11 B.R. 690, 693 (Bkrtcy. W.D.Va.1981). The legislature denominated the tools of trade exemption as an "additional exemption" to be used in conjunction with and as a supplement to the $4,000 personal property exemption provided by Tenn.Code Ann. § 26–2–102 (repl. vol. 1980). The language of the two sections contains no indication of mutual exclusivity and no such interpretation should be provided by judicial gloss. Under the Tennessee exemptions, debtors may effectively exempt up to $4,750 in "tools of the trade" if they elect to forego exemptions in other personal property.

An analogous question has arisen under the federal exemption scheme contained in § 522(d). Section 522(d)(6) allows a debtor electing the federal exemptions to exempt implements or tools of the debtor's trade "not to exceed $750 in value." Section 522(d)(5) allows a debtor to claim an exception "in any property" having a value not exceeding $400 plus the unused portion of the $7,500 exemption set forth in § 522(d)(1). The majority of courts considering the issue have held that the $750 "tools of the trade" exemption and the $7,900 general exemption are not mutually exclusive and that debtors may apply the unused portion of their § 522(d)(1) exemption to augment the $750 allowed for "tools of the trade" under § 522(d)(6). *See Augustine v. United States,* 675 F.2d 582, 586 (3rd Cir.1982); *In re Reed,* 18 B.R. 1009, 1011 (Bkrtcy.W.D.Ky.1982); *Eagan v. Household Finance Corp.,* 16 B.R. 439, 8 BANKR.CT.DEC. (CRR) 762, 764 (Bkrtcy. N.D.N.Y.1982); *Thorp Credit and Thrift Co. v. Pommerer,* 10 B.R. 935, 945 (Bkrtcy.D. Minn.1981).

Accordingly, the plaintiff's lien may be avoided up to the amount of the debtors' exemptions [5] and the plaintiff's objection to the debtors' exemptions should be overruled.

---

4. The parties agree that all the property in dispute constitutes "tools of the trade."

5. Section 522(f) does not automatically permit the complete avoidance of a valid nonpossessory, nonpurchase money security interest. The lien may be avoided only to the extent of the debtors' allowable exemption, with the remainder of the lien being otherwise enforceable.