### In re JACKSON, Garland L., Jackson, Rosa Y., Debtors.

### Bankruptcy No. B–85–01473 C–13.

United States Bankruptcy Court,
M.D. North Carolina.

Dec. 2, 1985.

---

Anita Jo Kinlaw, Greensboro, N.C., Trustee.

John W. Wall, Jr., Greensboro, N.C., for debtors.

## MEMORANDUM OPINION

RUFUS W. REYNOLDS, Chief Judge.

This matter came on to be heard and was heard on October 29, 1985, upon debtors' motion to avoid a nonpossessory, nonpurchase money security interest in household personal property pursuant to 11 U.S.C. Section 522(f)(2) and North Carolina General Statute Section 1C–1601(a).

## FACTS

The debtors filed a Chapter 13 petition for adjustment of debts on October 7, 1985. In the petition, the debtors listed $4,951.00 as indebtedness to Beneficial of North Carolina (hereinafter "Beneficial"). Of this $4,951.00, Beneficial held a nonpossessory, nonpurchase money security interest in the debtors' household goods and furnishings. The household personal property was valued at $2,000.00 which is less than the exemption allowed in N.C.G.S. 1C–1601(a)(4). Pursuant to Section 522(f), the debtors filed a motion to avoid the nonpossessory, nonpurchase money security interest in their household goods to the extent the lien impaired their exemptions.

## ISSUES

This case presents two issues for consideration. (1) Whether Section 522(f) applies in a Chapter 13 case? (2) Whether Section 522(f) applies in an "opt-out" state?

## DISCUSSION

The issue of the applicability of Section 522(f) in Chapter 13 cases was considered by me early in the operation of the Code. In 1981, *In re Sands*, 15 B.R. 563 (Bankr. M.D.N.C.1981), I held that Section 522(f) was not applicable to Chapter 13 for several reasons therein stated. About that time the Eastern District of North Carolina held similarly but on different grounds. *In re Aycock*, 15 B.R. 728 (Bankr.E.D.N.C.1981). Subsequently, Judge Proctor in Jacksonville, Florida, announced similar results. *In re Corden*, 19 B.R. 552 (Bankr.M.D.Fla. 1982).

Since these cases, the majority of courts faced with this decision have held that Section 522(f) is applicable in Chapter 13 cases and this is clearly the majority opinion at present. See, e.g., *Hall v. Finance One, Inc. (In re Hall)*, 752 F.2d 582 (11th Cir.1985); *Transouth Finance Corp. v. Paris*, 26 B.R. 184 (W.D.Tenn.1982); *Baldwin v. Avco Financial Services*, 22 B.R. 507 (D.Del.1982); *In re Rasmus*, 34 B.R. 9 (Bankr.M.D.Fla.1983); *In re Barker*, 20 B.R. 11 (Bankr.D.S.C.1982). Recent-

ly the Eastern District of North Carolina has reversed its position, *In re Allred*, 45 B.R. 676 (Bankr.E.D.N.C.1985) and Judge Proctor in the Middle District of Florida has receded from his position also. *In re Cowart*, 43 B.R. 110 (Bankr.M.D.Fla.1984). After careful consideration, this Court concludes that the position as set out in *Sands* should be reversed and the Court now holds that Section 522(f) applies in a Chapter 13 case.

The second issue presented in this case is whether Section 522(f) applies in an "opt-out" state. Since the *Sands* decision in 1981, North Carolina has become an "opt-out" state. North Carolina provides an exemption for various household personal property in North Carolina General Statutes Section 1C–1601(a)(4). Subsection (4) provides for an exemption for household personal property as follows:

The debtor's aggregate interest, not to exceed two thousand five hundred dollars ($2,500) in value for the debtor plus five hundred dollars ($500) for each dependent of the debtor, not to exceed two thousand dollars ($2,000) total for dependents in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

The North Carolina "opt-out" exemption statutes further state in Section 1C–1601(f) as follows:

The exemptions provided in The Bankruptcy Act 11 U.S.C. Section 522(d), are not applicable to residents of this state. The exemptions provided by this Article shall apply for purposes of The Bankruptcy Act, 11 U.S.C. Section 522(b).

The Bankruptcy Code provides in Section 522(b)(1) that a state may provide that debtors *must use* state exemptions rather than choose between federal and state exemptions as allowed in Section 522(b).

The Circuit Courts which have considered the question of the applicability of Section 522(f) in an "opt-out" state are in conflict. The Sixth Circuit, *Pine v. Credi-*

*thrift of America, Inc. (In re Pine)*, 717 F.2d 281 (6th Cir.1983) *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984), held that the exemption statutes of Tennessee and Georgia prevented the debtor from using Section 522(f) to avoid the nonpossessory, nonpurchase money security interest in household goods where the property which was available for exemption was the "debtor's interest" (Georgia) or the "debtor's equity interest" (Tennessee) and the debtors had no equity in the property.

The Fifth Circuit, *McManus v. Avco Financial Services, Inc. (In re McManus)*, 681 F.2d 353, 356–357 (5th Cir.1982), held that the Louisiana statute prevented the use of Section 522(f). The Louisiana statute provided explicitly that household goods and furnishings secured by a chattel mortgage could not be exempted. The Fifth Circuit reached similar results in interpreting a Texas exemption statute. *Allen v. Hale County State Bank (In Re Allen)*, 725 F.2d 290 (5th Cir.1984).

Recently, the Eleventh Circuit came to a contrary conclusion, *Hall v. Finance One, Inc. (In re Hall)*, 752 F.2d 582 (11th Cir. 1985), and held that Section 522(f) was applicable in an "opt-out" state. The Eleventh Circuit considered the Georgia exemption law. Georgia law allowed an exemption for the unencumbered part of the property. The Court indicated that a state could not render Section 522(f) useless by defining the property as nonexempt. The Court observed that

"... the very purpose of the statute is to permit debtors to claim, as exempt, property completely or partially secured by an otherwise valid lien. To permit states to inhibit the operation of the lien-avoidance provision simply by defining all lien-encumbered property as "not exempt" would render the statute useless, a result inconsistent with the well-established principle of statutory construction requiring that all parts of an act be given effect, if at all possible." *Id.* at 586.

Furthermore, the Court noted that while Congress did not specifically limit a state's

power to define its exemptions, the lack of such limitations does not mean Congress gave a state the authority to enact a statute which directly conflicts with another section of the Bankruptcy Code. *Id.* at 587. The *Hall* court observed that "... the import of the provision is merely that a state may decide to require that its debtors rely upon state-defined exemptions, instead of the list of federal exemptions contained in section 522(d)." *Id.* After analyzing the legislative history of Section 522(f) the Court concluded that Congress intended to provide the debtor with the lien avoidance power embodied in Section 522(f) regardless of the state's statutory exemptions scheme. *Id.* at 587–588.

Since the Fourth Circuit has not decided this issue, this Court follows the *Hall* case and concludes that Section 522(f) applies in an "opt-out" state.

While Congress allowed the states to select a different statutory exemption scheme from the federal scheme in Section 522(d), neither the Bankruptcy Code nor the legislative history suggest that the "opt-out" provision extends beyond the exemptions listed in Section 522(d). Congress enacted Section 522(f) as added protection for the debtor's fresh start in two limited circumstances.

Furthermore, the North Carolina exemption statute seems at least partially consistent with Section 522(f) of the Bankruptcy Code. North Carolina General Statutes Section 1C–1601(e) states that the exemptions apply to both the debtor's household goods encumbered by a nonpossessory, nonpurchase money security interest and judicial liens. North Carolina G.S. Section 1C–1601(e) states:

> The exemptions provided in this article are inapplicable to claims ...
>
> (7) For contractual security interests in the specific property affected; *provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods;* (emphasis added)

> (8) For statutory liens on the specific property affected, *other than judicial liens;* (emphasis added)

There may be an inconsistency in the operation of the state exemption statute and the Bankruptcy Code due to the conditional nature of North Carolina exemptions. *See Peeples, The Legislature Strikes Back: Exemptions, Part 2,* 19 Wake Forest L.Rev. 1025, 1066 (1982). North Carolina General Statutes Section 1C–1604 provides that North Carolina exemptions continue so long as the debtor owns the property and revive upon transfer. On the other hand, the federal exemption is permanent at discharge. To the extent that there is any conflict between the operation of Section 522(f) and the state statute, this Court holds that the federal provision controls.

## CONCLUSIONS

For the foregoing reasons, this Court concludes that Section 522(f) applies in Chapter 13 cases of the Bankruptcy Code. In addition, this Court finds that while a state may "opt-out" of the federal exemptions listed in Section 522(d), a state may not "opt-out" of Section 522(f) and that the debtors' motion to avoid the nonpossessory, nonpurchase money security interest in the household personal property of the debtors which impairs the total value of the property as exempt be avoided permanently.

Let an Order be entered agreeable with this Memorandum Opinion.