In re Richard Lee HATCHER and
Donna Lee Hatcher, Debtors.

Bankruptcy No. 89–01373–TH.

United States Bankruptcy Court,
S.D. Indiana,
Terre Haute Division.

Feb. 8, 1990.

Michael T. Ellis, Terre Haute, Ind., for debtors.

Augustus H. Tabor, Terre Haute, Ind., for creditor, Avco Financial Services of Indianapolis, Inc.

## ORDER GRANTING MOTION TO AVOID SECURITY INTEREST IN EXEMPT PROPERTY

MICHAEL H. KEARNS, Bankruptcy Judge.

On September 5, 1989 debtors filed their Motion To Avoid Security Interest In Exempt Property as against the lien held by Avco Financial Services. On October 16, 1989 Avco Financial Services of Indianapolis, Inc. filed its Response And Objection To Motion For Avoidance Of Lien.

These matters came on for hearing on December 6, 1989. The parties waived formal presentation of evidence and requested an opportunity to file briefs. The briefs having been filed and the Court having read and considered the same, does now proceed to rule.

The parties agree that the issue before the Court is a legal issue which can best be set forth as follows:

### ISSUE

Whether the debtors may avoid, pursuant to Title 11 U.S.C. § 522(f)(2) a voluntarily granted lien in personal property where said lien is a nonpossessory, non-purchase-money security interest in household goods held primarily for the personal, family, or household use of the debtors or a dependent of the debtors; or, in other words,

Whether the 1989 amendment to the Indiana exemption statute, I.C. 34–2–28–1, precludes the debtors from exempting personal property in which the debtors have granted a consensual lien to the

extent of the balance due on the debt secured by that consensual lien, thereby precluding the debtors from lien avoiding on property pursuant to the provisions of Title 11 U.S.C. § 522(f)(2).

It is creditor's position that the 1989 amendment to I.C. 34–2–28–1, which affects debtors' right to exempt otherwise exempt personal property when he or she has granted a consensual nonpurchase-money, nonpossessory lien in said property, precludes the debtors' ability to avoid the creditor's liens in such property pursuant to 11 U.S.C. § 522(f). The creditor argues that debtors' Motion To Avoid Lien should be denied because the lien that the debtors seek to avoid does not impair an exemption to which the debtors would have been entitled under I.C. 34–2–28–1. However, the Court finds creditor's argument fails for three (3) main reasons.

First, and foremost, to construe the Indiana legislature's amendment of I.C. 34–2–28–1 so as to preclude the debtors from seeking relief under Title 11 U.S.C. § 522(f) is an invalid attempt to strike down § 522(f), violative of the supremacy clause of the United States Constitution, art. VI, cl. 2. Under the supremacy clause, any conflict between the state lien conservation provision and the federal lien avoidance provision must be constitutionally resolved in favor of federal law. *See, Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *In re Maddox,* 713 F.2d 1526 (11th Cir.1983); *In re Jackson,* 55 B.R. 343 (Bkrtcy.M.D.N.C.1985); *In re Taylor,* 73 B.R. 149 (9th Cir.BAP 1987); *Matter of Strain,* 16 B.R. 797 (Bkrtcy.D.Idaho 1982); and *In re McKelvey,* 20 B.R. 405 (Bkrtcy.D.Ariz.1982).

The United States Bankruptcy Code does not permit a state to "opt out" of the lien avoidance provisions of 11 U.S.C. § 522(f). *Maddox,* supra; *In re Thorton,* 91 B.R. 913 (Bkrtcy.C.D.Cal.1988). Many other courts have addressed this issue and hold that states may not "opt out" of the lien avoidance provisions of the U.S. Bankruptcy Code merely by limiting state law exemptions to unencumbered property. *In re Leonard,* 866 F.2d 335 (10th Cir.1989);

*In re Lawson,* 42 B.R. 206 (Bkrtcy.E.D.Ky. 1984); *In re Jackson,* 55 B.R. 343 (Bkrtcy. M.D.N.C.1985); *Matter of Strain,* 16 B.R. 797 (Bkrtcy.D.Idaho 1982).

The Court in *In re Hall,* 752 F.2d 582 (11th Cir.1985) dealt directly with the issue at hand. In *Hall,* the creditors argued that Georgia law permitted a debtor to exempt property only if it were not encumbered by a lien. The Court held that the Georgia "opt out" statute could not be applied to preclude the operation of lien avoidance under § 522(f).

We agree that the lien-avoidance power is tied directly to the exemption provision, section 522(b). We do not believe, however, that this compels the result urged by the creditors in this case. In our opinion, the appellants' reasoning conflicts with the purpose of section 522(f). This section operates to permit a debtor to avoid the fixing of a lien on property if that avoidance would allow the debtor to enjoy an exemption. *Brown v. Dellinger (In re Brown),* 734 F.2d 119, 125 (2d Cir.1984). Thus, the very purpose of the statute is to permit debtors to claim, as exempt, property completely or partially secured by an otherwise valid lien. To permit states to inhibit the operation of the lien-avoidance provision simply by defining all lien-encumbered property as "not exempt" would render the statute useless, a result inconsistent with the well-established principle of statutory construction requiring that all parts of an act be given effect, if at all possible. *Administrator, Federal Aviation Administration v. Robertson,* 422 U.S. 255, 261, 95 S.Ct. 2140, 2145, 45 L.Ed.2d 164 (1975); *Weinberger v. Hynson, Westcott & Dunning,* 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207 (1973); *see, Payne v. Panama Canal Co.,* 607 F.2d 155, 164 (5th Cir.1979).... We do not suggest that states are prohibited from defining lien-encumbered property as not exempt. Any such decision would, however, be subject to the provisions of section 522(f). Thus, property encumbered by judicial liens and nonpossessory, nonpurchase-

money security interests could still be exempted, notwithstanding the state's classification of lien-encumbered property as not exempt.

*In re Hall,* 752 F.2d at 586; followed by *In re Leonard,* 866 F.2d 335 (10th Cir.1989) and *In re Taylor,* 73 B.R. 149 (9th Cir.BAP 1987). *See also, In re Velasquez,* 44 B.R. 1021 (Bkrtcy.D.Idaho 1984) and *In re McKelvey,* 20 B.R. 405 (9th Cir.1982).

The Court in *In re Leonard,* supra, in interpreting the meaning of § 522(f) states:

> We look first to the clear and plain language of the pertinent portion of § 522(f)(2)(A):
>
>> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor *would* have been entitled under subsection (b) if such lien is a nonpossessory, nonpurchase-money security interest in any household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instrument, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor.
>
> The language is not ambiguous, and no rules of construction need be applied. All the subsections must be given meaning and they must coexist. *Nevada Power Co. v. Watt,* 711 F.2d 913, 920 (10th Cir.1983). A debtor is entitled to avoid a lien to the extent the debtor *would* have been entitled to an exemption under either the federal or the state exemptions statutes. The debtor's right to claim avoidance of a lien on property under § 522(f) is determined by considering whether the property, *if unencumbered* is exempted under the state statutory exemptions. If unencumbered property may be exempted under the state exemptions, then any nonpossessory, nonpurchase-money lien on that property could be avoided under § 522(f). Congress did not say a debtor is entitled to avoid a lien to the extent the debtor *is* entitled to an exemption, which is the construction Appellant is urging us to adopt. *The word "would" obviously has been used by Congress in an auxiliary function to express a possibility, i.e. if the debtor would have been entitled to an exemption, he is entitled to avoid the lien.* .......... Any other reading of § 522(f) would make the language meaningless and would lead to an absurd result. If § 522(f) were to be read as allowing the debtor to avoid a lien only on the debtor's equity in the exempt property, to which the lien would not ultimately attach under any circumstances, it would totally disregard the lien avoidance language set forth in § 522(f). In other words, if Appellant's construction of § 522(f) were to be adopted, then as long as a security interest exists, the debtor would never be entitled to avoid the lien. (Emphasis added).

*In re Leonard,* 866 F.2d at 336.

Second, to interpret I.C. 34–2–28–1 so as to limit the operation of § 522(f) would allow the state to destroy the fresh start policy of the Bankruptcy Code. *In re Taylor,* 73 B.R. 149 (9th Cir.1987). "Essentially, Section 522(f) ensures the debtor's exemptions, his discharge and thus his fresh start after bankruptcy by allowing him to retain, unencumbered, the basic necessities of his household." *Associates Financial Services Co. v. Boldman,* 495 N.E.2d 203, 205 (Ind.App.1986).

Third, to allow individual states to in effect "opt out" of § 522(f) would destroy the uniformity of the bankruptcy laws. The Court in *Matter of Strain,* 16 B.R. 797 (9th Cir.1982) held that in light of the clear congressional power to make uniform laws concerning bankruptcy, as well as the supremacy clause of the U.S. Constitution, an Idaho statute which denied debtors in federal bankruptcy proceedings the right to avoid liens pursuant to the Code had no effect.

THEREFORE, it is ORDERED, ADJUDGED and DECREED for the reasons set forth above that the debtors may avoid, pursuant to § 522(f)(2), a voluntarily granted lien in personal property where said lien is a nonpossessory, nonpurchase-money se-

curity interest in household goods held primarily for the personal, family or household use of the debtors or a dependent of the debtors; and it is

FURTHER ORDERED that I.C. 34–2–28–1 has no effect on lien avoidance under § 522(f)(2) as it is violative of the Supremacy Clause of the U.S. Constitution and would prevent debtors from obtaining a fresh start; and it is

FINALLY ORDERED that debtors' Motion To Avoid Security Interest In Exempt Property filed September 5, 1989 as to Avco Financial Services Of Indianapolis, Inc. is GRANTED, and the Response And Objection To Motion For Avoidance Of Lien filed by Avco Financial Services of Indianapolis, Inc. on October 16, 1989 is DENIED.

SO ORDERED.